Municipal Court of Dover,
No. 4260.

STATE *v.* ROGER S. WOOD.

Argued December 2, 1953.

Decided December 31, 1953.

*Louis C. Wyman,* Attorney General and *Richard C. Duncan,* Assistant Attorney General (*Mr. Duncan* orally), for the State.

*McCabe & Fisher* and *John D. McCarthy* (*Mr. McCarthy* orally), for the defendant.

BLANDIN, J. The defendant claims that R. L., *c.* 118, *s.* 14, as amended by Laws 1951, *c.* 180, *s.* 2, and Laws 1951, *c.* 229, *s.* 2, is unconstitutional in that it requires that upon conviction of such an offense as here involved before a municipal court or justice, pending an appeal, the court or justice shall forthwith suspend and return to the Motor Vehicle Commissioner the license of the convicted person. His contention is that this action, without affording him the benefit of a trial by jury, is unconstitutional in that it offends Part I, *Art.* 15, of our Constitution, which is similar to the Fourteenth Amendment of the Federal Constitution. *State* v. *Pennoyer,* 65 N. H. 113, 115.

It is not disputed that by an amendment to our Constitution (Part II, *Art.* 77) the Legislature is authorized to give municipal courts jurisdiction of offenses such as this, and the Legislature has done so by R. L., *c.* 377, *s.* 15, as amended by Laws 1943, *c.* 200.

It has been decided here that a license to operate a motor vehicle is not a right but a mere privilege which must be accepted, if at all, subject to the condition on which it is granted. *Rosenblum* v. *Griffin,* 89 N. H. 314, 318, 319, and authorities cited. See also, 60 C. J. S. 481. Unquestionably the condition here that the court or justice shall suspend forthwith and return to the Motor Vehicle Commissioner the license of a person found guilty of operating under the influence of liquor is a reasonable one imposed "in the interest of safeguarding lives and property from highway accidents," and the fact that this may be done without a jury trial does not invalidate it. *Wall* v. *King,* 206 F. (2d) 878, 883. The defendant has furnished us with no authority in this state and we find no suggestion in any of our cases dealing with the suspension or revocation of licenses that a jury trial is required in such instances. It appears that the suspension of the defendant's license is in

accordance with "the law of the land" and does not offend Part I, *Art.* 15, of our Constitution. The act of suspending and returning the license being merely administrative (*Cowperthwait* v. *Lamb,* 373 Pa. 204), there can be no valid objection to its performance in the interest of convenience and dispatch by the court or justice before whom the proceedings are held. 60 C.J. S., Motor Vehicles, *s.* 160 *c.* See also, *Carpenter* v. *Berry,* 95 N. H. 151, 154, and cases cited.

*Exception overruled.*

All concurred.