Nashua District Court
No. 6824

STATE OF NEW HAMPSHIRE

v.

CHARLES W. GREENWOOD

March 31, 1975

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general *(Mr. Johnson* orally), for the State.

*Prolman & Holland (Mr. Francis G. Holland* orally) for the defendant.

LAMPRON, J. The sole issue is whether a district court may suspend all or any part of the provision of RSA 262-A:62 (Supp. 1973) which states that upon conviction of operating a motor vehicle while under the influence of intoxicating liquor the defendant's license "shall be revoked for a period of sixty days and at the discretion of the court for a period not to exceed two years."

On December 13, 1973, following trial, the defendant was found guilty of that offense by *Harkaway,* J. Prior to sentencing, the defendant, upon the ground of hardship, sought to have suspended any imposition of a loss of license. His motion was denied as being "beyond the authority of the District Court" and the issue of law was transferred to this court. Defendant maintains that our opinion in *State v. Burroughs,* 113 N.H. 21, 300 A.2d 315 (1973), sustains his position that the district court has such authority.

RSA 262-A:62 (Supp. 1972) in force at the time of the offense, October 23, 1973, provided that upon a first conviction the defendant "may be imprisoned for not less that two days, nor more than six months, which may be intermittent or weekend days and shall be fined. not less than one hundred dollars nor more than five hundred dollars; his license shall be revoked for a period of sixty days and at the discretion of the court for a period not to exceed two years." Although the part relating to the sentence was changed effective October 31, 1973 (RSA 262-A:62 (Supp. 1973)), the revocation of license provision remained unchanged.

*State v. Burroughs supra* dealt with the sentencing only. We held that in exercising that function it has always been assumed since the State's earliest times "'that courts had the power to suspend either the imposition or the execution of a criminal sentence.'" *Id.* at 22, 300 A.2d at 316. We further held that, when the legislature has sought to prevent the exercise of the judicial privilege of suspension and to impose a mandatory sentence, it has so provided, and must do so, in language which clearly manifests its intention that the sentence is to be mandatorily imposed.

Provision for suspension of a license for violating a regulation pertaining to the operation of a motor vehicle was first enacted by Laws 1905, 86:10. The court was to notify the secretary of

state of such a conviction giving "the number, or mark of the machine and license, and shall transmit other information obtained at the hearing". The secretary of state was charged with the revocation of the license and its return when the circumstances required it. Laws 1921, 119:18 provided that a conviction of operating a motor vehicle while under the influence of intoxicating liquor "shall be reported forthwith by the court . . . to the commissioner [of motor vehicles] who shall revoke immediately the license of the person so convicted . . . ." Laws 1955, 282:1 provided, as presently, that defendant's "license shall be revoked for a period of sixty days and at the discretion of the court for a period not to exceed two years."

This court held in *State v. Wood*, 98 N.H. 418, 420, 101 A.2d 774, 775 (1953), that "[t]he act of suspending and returning the license" is merely administrative. *See* 60 C.J.S. *Motor Vehicles* § 164:1 (1969, Supp. 1974). It is not part of the criminal punishment. *State v. Despres*, 107 N.H. 297, 220 A.2d 758 (1966); *State v. Bowles*, 113 N.H. 571, 574, 311 A.2d 300, 302 (1973). This conclusion is supported by the history of that part of RSA 262-A:62 (Supp. 1973). The administrative function of revoking a license differs materially from the judicial function of imposing a fine or a sentence which was the basis of the holding in *State v. Burroughs*, 113 N.H. 21, 300 A.2d 315 (1973). Consequently, an identical interpretation in regard to this administrative function of revoking a license is not required.

The latter provision must be given the meaning which will best carry out its purpose. 2A J. Sutherland, Statutory Construction § 57.04 (4th ed. C. Sands 1973). By its express wording, the discretion of the court is limited to determining the length of the period of revocation between sixty days and two years. This interpretation is confirmed by the terms of section 64 of the same chapter which provides that: "Upon a conviction the court shall report to the director and shall immediately revoke the license of the person so convicted." RSA 262-A:64-a (Supp. 1973) provides that if an appeal is taken from such a conviction the court "shall forthwith revoke the license of such person." We hold that the legislature has clearly manifested its intent that a person convicted of driving a motor vehicle under the influence of intoxicating liquor shall be prevented from operating on the highways for a period of at least sixty days. *See Daneault v. Clarke*, 113 N.H. 481, 484, 309 A.2d 884, 885-86 (1973). We further hold that the district court in performing this administrative function, as distinguished from

its judicial function of imposing a fine or a sentence, must revoke the convicted operator's license for a period of at least sixty days. The district court properly ruled that it was beyond its authority to suspend the revocation of license mandate of RSA ch. 262-A.

*Remanded.*

Grimes, J., concurred in the result; the others concurred.