Hillsborough
No. 7095

STATE OF NEW HAMPSHIRE

v.

CHARLES W. DEAN

September 30, 1975

*Warren B. Rudman,* attorney general, and *John L. Ahlgren,* assistant attorney general *(Mr. Ahlgren* orally), for the State

*New Hampshire Legal Assistance, Public Defender Service (James E. Duggan),* by brief and orally, for the defendant.

DUNCAN, J. This is an appeal under RSA 262-B:9 (Supp. 1973). The questions raised by the defendant's exception are whether the mandatory sentencing provision of the Habitual Offenders Act, RSA 262-B:7 (Supp. 1973), constitutes an improper legislative encroachment on judicial discretion in sentencing, and whether that provision violates the state or federal constitutional prohibitions against disproportionate, or cruel and unusual punishment. N.H. CONST. pt. I, art. 18; U.S. CONST. amend. VIII.

After a series of convictions for driving while intoxicated and for operating a motor vehicle after license revocation, the defendant was adjudged an habitual offender and ordered not to drive any vehicle in this State for a period of four years. RSA 262-B:5, :6 (Supp. 1973). On May 10, 1974, while this order was in effect, defendant was stopped when the automobile he was driving showed a defective taillight. After investigation revealed his status as an habitual offender, he was indicted under RSA 262-B:7 (Supp. 1973) and pleaded guilty.

RSA 262-B:7 (Supp. 1973) provides that an habitual offender

who is convicted of operating a motor vehicle in this State while a court order prohibiting such operation is in effect "shall ... be sentenced to imprisonment for not less than a year nor more than five years." It further provides that "[n]o portion of the aforesaid minimum mandatory sentence shall be suspended, and no case brought to enforce this chapter shall be continued for sentencing." At sentencing, the defendant's motion for consideration of a suspended sentence, was denied. Sentence was thereupon imposed for a term of not less than one year and not more than five years as provided by RSA 262-B:7 (Supp. 1973). Defendant's exception was reserved and transferred by *Mullavey*, J.

The defendant argues that the issue of the court's authority to suspend sentence should be controlled by RSA 651:20 rather than RSA 262-B:7 (Supp. 1973). He points to an apparent statutory inconsistency between the provisions of RSA 262-B:7 (Supp. 1973), enacted as Laws 1973, 584:5, and those of RSA 651:20, enacted as Laws 1971, 518:1. Both enactments became effective on November 1, 1973. The provisions of RSA 651:20 appear in the Criminal Code (Title LXII) and provide for suspension of sentences generally, "[n]otwithstanding any other provision of law". RSA 262-B:7 (Supp. 1973), enacted two years later, requires a mandatory sentence in cases of violation of the Habitual Offenders Act "[n]otwithstanding the provisions of RSA Title LXII".

We find no reason to doubt that the legislative intent was that the specific provision of the most recent enactment RSA 262-B:7 (Supp. 1973) should control, taking priority over the general provision of the earlier enactment, now RSA 651:20. We so hold.

For like reasons, we consider that the provisions of RSA 625:2 (Effective Date) that offenses "any of the elements [of which] occurred prior" to the effective date of the Code (Subsection III) "shall be governed by the prior law" (subsection II) are not controlling.

The defendant further urges that the legislative requirement of the mandatory penalty is in conflict with the inherent authority of a sentencing judge to suspend all or part of a sentence. It is established law that the legislature has the "power to enact laws defining crimes and to fix the degree, extent and method for punishment." *Doe v. State,* 114 N.H. 714, 718, 328 A.2d 784, 787 (1974); N.H. CONST. pt. II, art. 5. The courts of some jurisdictions are deemed not to possess the power to suspend a sentence in the absence of specific statutory provision therefor. *See State v. Blanchard,* 156 Me. 30, 46, 159 A.2d 304, 312 (1960); *Ex parte United*

*States,* 242 U.S. 27, 41-42 (1916); 5 Wharton, Criminal Law and Procedure § 2192, at 387 (R. Anderson ed. 1957); 21 Am. Jur. 2d *Criminal Law* §§ 552, 558 (1965).

In this State that power has long been held typically judicial. *State v. Burroughs,* 113 N.H. 21, 22, 300 A.2d 315, 316 (1973); *State v. Valrand,* 103 N.H. 518, 519-20, 176 A.2d 189, 191 (1961); E. Page, Judicial Beginnings in New Hampshire 1640-1700, at 114 (1959). Common law judicial powers, and the authority of courts traditionally described as "inherent", are constitutional prerogatives only to the extent that constitutions make them so. *See State ex rel. Sonner v. Shearin,* 325 A.2d 573, 579, 582 (Md. 1974), *distinguishing State v. McCoy,* 94 Idaho 236, 486 P.2d 247 (1971); 11 Idaho L. Rev. 29 (1974) *criticizing McCoy.* By our constitution the general court is given "full power . . . to impose fines, mulcts, imprisonments, and other punishments . . . ." N.H. CONST. pt. II, art. 5.

The constitution does not prohibit the legislature from constricting the independent exercise of judicial discretion by the requirement of mandatory sentences. N.H. CONST. pt. II, arts. 4, 5; *State v. Owen,* 80 N.H. 426, 427, 117 A. 814, 815 (1922); *State v. Drew,* 75 N.H. 402, 74 A. 875 (1909), 75 N.H. 604, 76 A. 191 (1910); *accord, People v. Broadie,* 45 App. Div. 2d 649, 360 N.Y.S.2d 906 (1974), *aff'd,* 37 N.Y.2d 100, 371 N.Y.S.2d 471 (1975); *Madjorous v. State,* 113 Ohio State 427, 149 N.E. 393 (1925); *State v. Gorman,* 322 N.E.2d 319 (Ohio App. 1974). Hence, the exercise of the judicial privilege of suspension can be withdrawn by statutory language expressing a clear legislative intent that a sentence is to be mandatorily imposed. *State v. Greenwood,* 115 N.H. 119, 120, 335 A.2d 644, 645-46 (1975). Since such legislative intent is clearly expressed by RSA 262-B:7 (Supp. 1973), no authority to suspend the minimum sentence was afforded in the case before us.

The defendant contends that the obligatory sentence required by RSA 262-B:7 (Supp. 1973) constitutes cruel and unusual punishment because the penalty is not "proportioned to the nature of the offense". N.H. CONST. pt. I, art. 18; *see* U.S. CONST. amend. VIII. The statute however requires only that the mandatory minimum of one-year's imprisonment shall not be suspended. Additionally the statute allows suspension of all or part of a sentence "in cases in which the operation of a motor vehicle was necessitated by situations of apparent extreme emergency which required such operation to save life and limb." RSA 262-B:7 I

(Supp. 1973). While the defendant claims his operation in the instant case was occasioned by circumstances of necessity, he grants that these did not amount to an "extreme emergency", such as the statute contemplates. His complaint thus narrows to a consideration only of the constitutionality of a mandatory one-year sentence in nonemergency situations.

The primary purpose of the habitual offender statute is to foster safety on the highways. *State v. Bowles,* 113 N.H. 571, 574, 311 A.2d 300, 302 (1973). In this respect, the penalty imposed upon an habitual offender is primarily for the protection of the public in removing from the highways an operator who is a dangerous and persistent offender. *Id.* at 574, 311 A.2d at 302; *Huffman v. Commonwealth,* 210 Va. 530, 532, 172 S.E.2d 788, 789 (1970); Annot., 9 A.L.R.3d 756, 757 (1966). The offense of operating after license revocation is a misdemeanor and may be penalized in this State by imprisonment not to exceed one year. RSA 262:27-b (Supp. 1973); RSA 625:9; RSA 651:21. The imposition of a mandatory minimum sentence may be thought to be a reasonable means of protecting the public. In light of the possible penalties for various first-time offenses under RSA ch. 262, the one-year minimum term cannot be considered disproportionate to the seriousness of the offense. *See Furman v. Georgia,* 408 U.S. 238 (1974).

The legislature, which considered less stringent sentencing provisions in enacting RSA 262-B:7 (Supp. 1973) *(See* N.H. H.R. Jour. 816, 817 (1973); N.H.S. Jour. 2017 (1973)), nevertheless determined that a one-year mandatory minimum sentence would better serve the aim of the statute than some less severe penalty. In considering a mandatory provision of a statute requiring a maximum life term, the Appellate Division of the New York Supreme Court recently held: "While the statutory penalties are indeed harsh and in many cases unjust, any amelioration of their mandatory nature is a function for the Legislature, not the courts." *People v. Broadie,* 45 App. Div. 2d 649, 360 N.Y.S.2d 906, 912 (1974), *aff'd,* 37 N.Y.2d 100, 371 N.Y.S.2d 471 (1975); *accord, State v. Gorman,* 322 N.E.2d 319, 321 (Ohio App. 1974); *People v. Moore,* 15 Ill. App. 3d 691, 693, 304 N.E.2d 696, 698 (1973). We consider that the statute is not in violation of either the New Hampshire constitution, part I, article 18, or the eighth amendment to the United States Constitution.

*Exception overruled.*

GRIMES, J., dissented in part and concurred in part; the others concurred.

GRIMES, J., dissenting in part and concurring in part:

I dissent from that part of the opinion of the court holding that the legislature may prohibit the suspension of sentences, but concur in the remainder.

In my view, such a statutory provision is a clear violation of the separation of powers. The separation of powers is fundamental to our system of government and is essential to the preservation of the liberty of our people. To preserve this separation, the judicial department must resist all enroachments upon its power whenever the issue is presented to it.

The court recognizes that the power to suspend sentences "has long been held typically judicial". In *State v. Burroughs,* 113 N.H. 21, 300 A.2d 315 (1973), cited by the court, this power was referred to as "the inherent power of the court to suspend part or all of a sentence". *Id.* at 22, 300 A.2d at 316. That this is and has been an inherent power of our courts has been established at least as far back as *State ex rel. Buckley v. Drew,* 75 N.H. 402, 74 A. 875 (1909), whatever the law may be elsewhere. The dicta in *State v. Owen,* 80 N.H. 426, 117 A. 814 (1922), cited by the court being by its own terms without reason or authority should not control this case.

The power to suspend sentences being an inherent judicial power, the legislature has no right to take it away. This has been established from the earliest times. *Merrill v. Sherburne,* 1 N.H. 199 (1818). *See also Opinion of the Justices,* 86 N.H. 597, 601-02, 166 A. 640, 646-47 (1933). It follows therefore that the restriction on the power of the court to suspend sentences contained in RSA 262-B:7 (Supp. 1973) is unconstitutional. *State v. McCoy,* 94 Idaho 236, 486 P.2d 247 (1971).