Strafford
No. 78-276

DAVID PAEY

v.

RICHARD L. RODRIGUE

AND

GLENN W. STEWART

March 23, 1979

*William B. Cullimore*, of Farmington, by brief, for the plaintiff.

*Cooper, Hall & Walker*, of Rochester (*Peter A. Handy* by brief), for the defendants.

DOUGLAS, J.   This is a petition for declaratory judgment, RSA 491:22, challenging the application of the New Hampshire version of the Uniform Act on Status of Convicted Persons, RSA ch. 607-A. The case was transferred here without ruling on an agreed statement of facts by *Cann*, J.

The plaintiff was elected as a Milton selectman for a term of three years in 1977. On June 28, 1978, he was found guilty in federal court of

interstate transportation of stolen merchandise and conspiracy. 18 U.S.C. §§ 371, 2314 (1970). On July 7, 1978, he was sentenced to a "jail type institution" for the first forty days of his three-year sentence. The remainder of his sentence was suspended and he was placed on probation. A month later, the other two Milton selectmen notified the plaintiff that his office was vacant under the forfeiture provisions of RSA 607-A:2 II. The plaintiff then filed this petition against the two selectmen.

RSA ch. 607-A states that, "[e]xcept as otherwise provided by this chapter or by the constitution of this state, a person convicted of a crime . . . retains all of his rights, political, personal, civil, and otherwise, including the right to hold public office or employment." RSA 607-A:3. A person sentenced for a felony, as defined by RSA 607-A:1, may not "become a candidate for or hold public office," RSA 607-A:2 I(b), and such office "held at the time of sentence is forfeited." RSA 607-A:2 II.

The plaintiff argues that the statute does not apply to him. RSA 607-A:1 defines "felony" as "[a] crime committed against the laws of this state or of the federal government for which a sentence of death or imprisonment in the state prison or a federal prison or penitentiary." This definition of felony is incomplete and ambiguous. It is not clear whether the sentence to which the statute refers is the *actual* sentence imposed or the *potential* sentence. The resolution of this ambiguity is crucial to our determination of this case.

■■ The official text of the Uniform Act on Status of Convicted Persons, from which RSA ch. 607-A was derived, defines "felony" as "a crime committed against the laws of this state or of the federal government for which a sentence of . . . imprisonment in a prison or penitentiary *is imposed*." UNIFORM ACT ON STATUS OF CONVICTED PERSONS (U.L.A.) § 1 (1964) (emphasis added). The words "is imposed" were deleted from the New Hampshire version of the act, rendering the definition ambiguous. Our Criminal Code, however, specifically defines "felony" in terms of the potential sentence; a felony is an offense "where the *maximum* penalty provided is imprisonment in excess of one year." RSA 625:9 III (emphasis added). Reading RSA 607-A:1 *in pari materia* with RSA 625:9 III leads us to conclude that the legislature intended the *potential* sentence to be the determining factor, rather than the actual sentence imposed. This interpretation of RSA 607-A:1 parallels the definition of felony in the Uniform Act in Hawaii, which is the only other State to adopt this Uniform Act. The Hawaii statute defines felony as an "offense that is punishable with

imprisonment for a term which is in excess of one year." HAW. REV. STAT. § 831-1. The plaintiff in this case could have been sentenced to a State or federal prison for more than one year. We hold that because the potential sentence determines the coverage of RSA ch. 607-A, the plaintiff forfeits his public office.

■ The plaintiff claims that even if RSA ch. 607-A applies to him, it violates the State and Federal Constitutions. Our State constitution provides that, "[e]very inhabitant of this state, having the proper qualifications, has equal right to be elected into office." N.H. CONST. pt. 1, art. 11 (Supp. 1977). This right, however, is not absolute. *Levitt v. Attorney General*, 104 N.H. 100, 107, 179 A.2d 286, 291 (1962); *State v. Sullivan*, 101 N.H. 429, 430, 146 A.2d 1, 2–3 (1958). Proper qualifications may be established by the legislature; these qualifications must be reasonable. *Id*. The qualifications of RSA ch. 607-A promote honesty and integrity in candidates for and holders of public office. *See The Collateral Consequences of a Criminal Conviction*, 23 VAND. L. REV. 929, 998–99 (1970). We therefore hold that they are reasonable.

■ ■ The statute does not violate the plaintiff's right to equal protection of the laws under the fourteenth amendment to the United States Constitution. States may establish qualifications for their public officials, unless the qualifications are arbitrary and unreasonable. *Accord, Landes v. Town of North Hempstead*, 20 N.Y.2d 417, 231 N.E.2d 120, 284 N.Y.S.2d 441 (1967). "The state has a legitimate interest in excluding from office those who would impair efficiency and honesty in government operations." *United States v. Warden of Wallkill Prison*, 246 F. Supp. 72, 94 (S.D.N.Y. 1965), *aff'd*, 355 F.2d 208 (2d Cir. 1966).

*Petition dismissed.*

GRIMES, J., did not participate; the others concurred.