Nashua District Court
No. 79-180

# THE STATE OF NEW HAMPSHIRE

v.

## FRANCIS MULLEN

August 20, 1979

*Thomas D. Rath*, attorney general (*Deborah J. Cooper*, assistant attorney general, orally), for the State.

*Holland & Aivalikles*, of Nashua (*Francis G. Holland* orally), for the defendant.

PER CURIAM. The defendant has been charged with operating a motor vehicle while intoxicated (second offense). RSA 262-A:62 I, *as amended*, Laws 1979, 362:1 (hereinafter cited as RSA 262-A:62 I (as amended)). The defendant pleaded not guilty and, pending trial on the merits, the District Court (*Harkaway*, J.) transferred three important questions of law concerning interpretation of this recently enacted statute. RSA 491:17.

RSA 262-A:62 I (as amended) reads, in pertinent part, as follows:

> Upon conviction based on a complaint which alleges that the person has had a prior conviction in this state or another state and said prior conviction is proven and was within the 7 years preceding the date of the second offense, such person shall be guilty of a misdemeanor and shall, notwithstanding the provisions of RSA Title LXII and RSA 651:20 be sentenced to imprisonment for a period of not less than 7 days and fined not more than $1,000.

The transferred questions concerning the statute are as follows:

I. "Did the Legislature specifically intend to make the imposition of sentences mandatory upon the presiding sentencing Judge so as to eliminate and terminate any judicial discretion to suspend the jail sentence?"

II. "Assuming an affirmative answer to question "I", may the Legislature constitutionally or otherwise adopt legislation so as to terminate and eliminate the judicial discretion in offenses such as a Driving While Intoxicated, Second Offense?"

III. "Is the sentencing provision of RSA 262-A:62 I as amended unconstitutional for failure to set forth a maximum jail sentence?"

*Question I*

Question No. I is answered by reference to the cases of *State v. Burroughs*, 113 N.H. 21, 300 A.2d 315 (1973), and *State v. Dean*, 115 N.H. 520, 345 A.2d 408 (1975).

In *Burroughs*, the predecessor statute to the one at issue in the present case prescribed that, upon a second conviction for driving while intoxicated, the operator "shall be imprisoned for not less than ten days." Laws 1971, 269:1. The State, as it does in the present case, maintained that the statute required a mandatory sentence not subject to suspension by the sentencing judge. *State v. Burroughs*, 113 N.H. at 25, 300 A.2d at 317. This court, in an opinion tracing the origins of the common-law and statutory authorities of the judiciary in this State to suspend criminal sentences, rejected the State's reasoning.

" 'From the earliest times in this State as a matter of practice and precedent, it has been assumed that courts had the [inherent] power to suspend either the imposition or the execution of a criminal sentence.' " *State v. Burroughs*, 113 N.H. at 22, 300 A.2d at 316, *quoting State v. Valrand*, 103 N.H. 518, 519–20, 176 A.2d 189, 191 (1961); *State v. Smith*, 119 N.H. 674, 406 A.2d 135 (1979); *State v. Dysart*, 118 N.H. 743, 743, 393 A.2d 569, 570 (1978); *State v. Greenwood*, 115 N.H. 117, 118, 335 A.2d 644, 645–46 (1975); Annot., 73 A.L.R.3d 474, 503–04 (1976). We recognized in *Burroughs* that the legislature has "[o]n rare occasions . . . sought to provide for the imposition of a mandatory sentence." *State v. Burroughs*, 113 N.H. at 24, 300 A.2d at 317. Because no specific language relevant to suspension was included in the

*Burroughs* statute, we held that the statute did not require mandatory imposition of sentence, and that it was not "intended to prevent the courts from exercising their well-established [inherent] discretionary authority to suspend the imposition or execution of the sentence if the interests of justice so require." *Id.* at 25, 300 A.2d at 318.

Subsequent to the decision in *State v. Burroughs supra*, a case arose in which the legislature had, in fact, specifically withdrawn the judiciary's inherent right to suspend imposition or execution of a criminal sentence. *State v. Dean*, 115 N.H. 520, 345 A.2d 408 (1975). At issue in *Dean* was the predecessor to the current Habitual Offenders Act, RSA 262-B:7. That statute, in withdrawing the court's common-law privilege, employed the kind of cogent phraseology demanded by this court in *Burroughs*. The act directed that "[n]o portion of the aforesaid minimum mandatory sentence shall be suspended, and no case brought to enforce this chapter shall be continued for sentencing." *State v. Dean*, 115 N.H. at 522, 345 A.2d at 410. We reiterated the rule that the "typically judicial" power to suspend criminal sentences "can be withdrawn by statutory language expressing a clear legislative intent that a sentence is to be mandatorily imposed," *id.* at 523, 345 A.2d at 411, and held that the *Dean* statutory language clearly did so.

A recently enacted limitation on the judicial power to suspend sentences further demonstrates the legislature's awareness of the statutory language that must be employed in withdrawing that power. In enacting RSA 651:2 II-b (Supp. 1977), a provision establishing a mandatory sentence for felonious use of a firearm, the legislature directed that "[s]uch mandatory sentence shall not be suspended in whole or in part and shall be imposed without eligibility for parole, probation or release."

■ The main function of the legislature is to enact laws, and the statutes which it adopts are the sole constitutional vehicle for communicating its official will. R. DICKINSON, INTERPRETATION AND APPLICATION OF STATUTES 12 (1975). It follows "that the intention of the legislature *expressed by the words of the statute itself* is the touchstone to its meaning." *Corson v. Brown Products, Inc.*, 119 N.H. 20, 23, 397 A.2d 640, 642 (1979) (emphasis added). "[L]egislative intent is to be found, not in what the legislature might have intended, but rather in the meaning of what it did say." *Id.* at 23, 397 A.2d at 642. Hence, the statute itself, read in its proper context, supplemented by other relevant and reliable extrinsic evidence, such as its legislative history, represents the objective manifestation of the legislative intent. *See generally* 2A C. SANDS, SUTHERLAND STATUTORY

CONSTRUCTION §§ 48.01–48.20 (3d ed. 1973) (hereinafter cited as SUTHERLAND).

The text of RSA 262-A:62 I (as amended) contains no provision similar to that held effective for withdrawal of the judiciary's power of suspension in *State v. Dean*, 115 N.H. 522, 345 A.2d 408 (1975). Rather, the legislature specifically withdrew only the express *statutory* authority to suspend sentences, an authority which we have held is separate from the *common-law* authority. *See State v. Smith*, 119 N.H. **674, 406 A.2d 135 (1979).** *See also State v. Burroughs*, 113 N.H. 21, 300 A.2d 315, 316 (1973). The statute, as amended, despite long-established case law and tradition, makes no reference to a withdrawal of the inherent common-law judicial authority to suspend imposition or execution of sentence.

It is argued by the State, however, that inclusion of the phrase, "notwithstanding the provisions of . . . RSA 651:20" was intended to foreclose all statutory and inherent judicial powers of suspension. Careful scrutiny of the history of the bill fails to support the State's contention.

Laws 1979, ch. 362 originally appeared in two separate bills, House bill 348 and House bill 256. Both bills concerned the offense of driving while intoxicated (hereinafter D.W.I.), with House bill 348 (later to become Laws 1979 ch. 362) proposing a reduction in first offense D.W.I. from a misdemeanor to a violation, and with House bill 256 proposing a minimum ten-day jail sentence for first offense D.W.I. The bills were jointly referred to a subcommittee of the House Judiciary Committee. In their original form, only House bill 256 mentioned a "mandatory jail sentence." Entitled "An Act requiring a mandatory sentence of 10 days for a conviction of [D.W.I.]," it **specifically** declared that "*[n]o portion of the sentence shall be suspended or continued for sentencing.*" (Emphasis added.) In its original form, House bill 348 referred to "modifying the criminal classification of [D.W.I. offenses]," and also stated that "*[n]o sentence of revocation or fine imposed under this section shall be suspended by the court.*" (Emphasis added.) It is clear, therefore, that the subcommittee that worked on both bills was "aware of the proper language to be used when a mandatory [non-suspendable] sentence was intended." *State v. Burroughs*, 113 N.H. 21, 25, 300 A.2d 315, 317 (1973).

On March 22, 1979, the subcommittee reported back to the judiciary committee with "a comprehensive amendment to [H.B. 348]." *Minutes of House Judiciary Comm., Executive Sess. on H.B. 348* (March 22, 1979). "Representative Carswell said her subcommittee had combined elements of this bill [H.B. 256] with H.B. 348 to come up with a D.W.I.

package." *Original Notes, House Judiciary Comm., Executive Sess. on H.B. 348* (March 22, 1979). Further amendments were added to the bill during the executive session.

Nevertheless, the bill ultimately reported out of the judiciary committee contained not a single reference to either RSA 651:20 or the inherent common-law judicial authority to suspend a sentence. We can only assume that the committee members intended to delete the *Dean*-type prohibitions of suspension that had appeared in both House bill 256 and House bill 348. The full House adopted the committee report and passed the new version of House bill 348 on March 27, 1979. *See* 1979 HOUSE RECORD 1140–41. The bill, as passed by the house, made no reference to suspension of sentences or to RSA 651:20. 1979 HOUSE RECORD 1140–41.

The senate also held hearings on House bill 348, but none of the resulting amendments made reference to the inherent or statutory suspension authority. Various remarks made before the senate judiciary committee included references to "a mandatory jail term of 7 days," *see, e.g.,* N.H.S. JOUR. 1482 (1979), but the language of the bill fails to reflect such a mandate. *See Corson v. Brown Products, Inc.,* 119 N.H. 20, 23, 397 A.2d 640, 642 (1979). There is no senate testimony on record indicating an intent to remove the common-law judicial power of suspension.

A conference committee was established to effect an acceptable compromise between the amendments offered by the house and senate, and on June 18, 1979, the committee reported out its recommended version of House bill 348. It is in this version that the language regarding *statutory* suspension pursuant to RSA 651:20 first appears. *See* COMM. OF CONFERENCE, REPORT ON H.B. 348 (June 18, 1979) (Doc. 3140 A). The recommended version was passed without debate by both branches of the General Court.

■ As hereinbefore stated, there existed simple and clear language, previously approved by this court, which would have unmistakably expressed a legislative intent to prevent courts from suspending all or any parts of the jail sentence of 7 days for conviction of D.W.I. second offense. Such language was originally included in House bill 256 and House bill 348 which were finally merged to become the present statute under discussion in this case. This is a manifestation that whoever drafted the bills was familiar with this language and that all the legislators who dealt with these bills were exposed to it. Language which would have clearly manifested a legislative intent to make, in the words of question No. I, "the imposition of sentences mandatory upon the presiding sentencing judge so as to eliminate and terminate any judicial discretion to

suspend the jail sentence . . ." was *not* used in the statute as it was finally enacted. We cannot assume that the elimination of this important language was inadvertent, nor can we conclude that the legislature intended to remove such an important inherent power of the judicial branch in the absence of clear and unmistakable language.

We cannot agree with the State that the last-minute inclusion of the reference to RSA 651:20 makes it "clear" that the sentence was intended to be mandatorily *imposed* and *executed.* There is no official legislative history to indicate the precise reason for the reference. Nor can we rely on any statements made by legislators after passage of the bill regarding the "motives of members . . . in enacting [the] law." 2A SUTHERLAND § 48.17, at 223.

■ It is important to point out that this court is not taking a position contrary to the laudable purpose of the legislature to rid the highways of drunken drivers. We are performing the constitutional duty imposed upon us to interpret the statutes as they are enacted by the legislature. The purpose of all sentencing is to deter violations of the law by the defendant and others. *State v. Wentworth,* 118 N.H. 832, 395 A.2d 858 (1978). Judges have the obligation to be mindful of this purpose and should consider imposing the seven-day minimum sentence, reserving their power to suspend only in cases where circumstances make it appropriate.

The answer to question No. I is "No." The amendment to RSA 262-A:62 I as enacted does not manifest a legislative intent "to make the imposition of sentences mandatory upon the presiding sentencing judge so as to eliminate and terminate any judicial discretion to suspend the jail sentence. . . ."

*Question II*

In view of the above answer to question No. I, it is unnecessary to answer question No. II.

*Question III*

Question No. III raises the narrow issue whether RSA 262-A:62 I (as amended) is unconstitutional for failure to establish a maximum term of incarceration.

■ Defendant argues that because of the words "notwithstanding the provisions of RSA Title LXII and RSA 651:20" the provision of RSA 651:2 II(c) establishing a one-year maximum sentence for misdemeanors is made inapplicable, thereby leaving no maximum

710

sentence for the misdemeanor of driving under the influence, second offense. We reject this argument. The above-quoted language referred only to the minimum sentence and in no way affects the maximum sentence established by RSA 651:2 II(c).

The answer to question No. III is "No."

*Remanded for trial.*