Merrimack
No. 79-042

### THE STATE OF NEW HAMPSHIRE

### V.

### JAMES A. SMITH

August 20, 1979

*Thomas D. Rath*, attorney general (*Peter W. Heed*, assistant attorney general, orally), for the State.

*Dunn & Hilliard*, of Concord (*Russell F. Hilliard* orally), for the defendant.

BOIS, J. This reserved case requires us to decide whether the superior court has either the statutory authority or inherent common law power to suspend a portion of the defendant's sentence to life imprisonment for first degree murder under RSA 630:1-a III. We hold that the superior court has neither in this instance.

The defendant was convicted of first degree murder, RSA 630:1-a I, and began serving a life sentence at the State prison on February 16, 1977. We affirmed the conviction and the constitutionality of his sentence. *State v. Farrow*, 118 N.H. 296, 386 A.2d 808 (1978). On May 23, 1978, the defendant filed a motion requesting that the superior court order a probation investigation and suspend a portion of his sentence. He argued that the court has both the statutory authority, RSA 504:1 (Supp. 1977); RSA 651:20, and the inherent common law power, *e.g.*, *State v. Dean*, 115 N.H. 520, 522–23, 345 A.2d 408, 410 (1975), to suspend his sentence. The Court (*Johnson*, J.) reserved and transferred this issue to us without ruling. RSA 491:17.

We first review the defendant's contention that the superior court has statutory authority to suspend his sentence. RSA 504:1 (Supp. 1977) provides in pertinent part that the court has the authority "to suspend imposition or execution of sentence, or any part thereof." *See State v. Lemire*, 116 N.H. 395, 359 A.2d 644 (1976). But this statute gives no explicit authority to suspend the defendant's sentence when the sentence has already been imposed and is being executed. The statutory authority of the court to suspend a sentence that has already been imposed or is being executed exists in RSA 651:20, which provides in pertinent part that "the sentence to imprisonment of any person may be suspended, at the time of sentence or at any time while any part thereof remains unserved." *But see* Laws 1979, 407:3. This provision, however, is specifically made inapplicable to all sentences imposed under RSA 630:1-a III by virtue of RSA 651:1. Therefore, we conclude that the superior court has no statutory authority to suspend the defendant's sentence.

The defendant also argues that the superior court has the inherent common law power to suspend his sentence even in the absence of statutory authority. There is no case law in New Hampshire that supports this contention. Although we have long recognized "the common-law power of the courts to suspend either the imposition or execution of a sentence," *State v. Valrand*, 103 N.H. 518, 520, 176 A.2d 189, 191 (1961); *accord, State v. Dean*, 115 N.H. 520, 345 A.2d 408 (1975); *State v. Burroughs*, 113 N.H. 21, 300 A.2d 315 (1973); *State v. Thomson*, 110 N.H. 190, 263 A.2d 675 (1970), this court has held that the common law power does not extend to instances such as the present

case where the term of the court that sentenced the defendant has expired and the defendant has begun serving his sentence. *State v. Dunn*, 111 N.H. 320, 321, 282 A.2d 675, 676 (1971).

The defendant has been sentenced and committed, and has served two and one-half years in the State prison. In a comprehensive opinion deciding this case on direct appeal, we fully analyzed and denied the defendant's constitutional challenges to the validity of his sentence. *State v. Farrow*, 118 N.H. 296, 386 A.2d 808 (1978). Because we have held that his sentence was validly imposed and we now hold that the judiciary has no authority to suspend it, the defendant's only recourse is to petition the Governor and Council for a pardon. N.H. CONST. pt. II, art. 52; *see State v. Farrow*, 118 N.H. at 305, 386 A.2d at 813–14.

*Case dismissed.*

All concurred; GRIMES, J., concurring specially.

Although I adhere to my dissent in *State v. Dean*, 115 N.H. 520, 345 A.2d 408 (1975), I concur because I am bound by the decision of the majority.