Sullivan
No. 81-130

THE STATE OF NEW HAMPSHIRE

v.

CHARLES L. PEABODY

December 8, 1981

*Gregory H. Smith,* attorney general (*Richard C. Nelson,* assistant attorney general, on the brief and orally), for the State.

*Elliott, Jasper & Bennett,* of Newport (*Bruce R. Jasper* on the brief and orally), for the defendant.

BATCHELDER, J. The defendant, Charles L. Peabody, after having been determined to be an habitual motor vehicle offender through appropriate judicial process, operated a motor vehicle upon a public way in Sullivan County on October 9, 1980, in violation of a court order prohibiting him from driving on a public highway. RSA ch. 262-B. RSA 262-B:7 I provides that a person convicted of a violation of such a court order "shall, notwithstanding the provisions of RSA Title LXII be sentenced to imprisonment for not less than a year nor more than 5 years," and that "[n]o portion of the aforesaid minimum mandatory sentence shall be suspended. . . ." *Id.* On March 18, 1981, the defendant pleaded guilty to a violation of RSA 262-B:7 I and was sentenced by the Superior Court (*Johnson,* J.) as follows:

> "Sentenced to the New Hampshire State Prison for not less than a year and a day nor more than five years. Credit is given for one day presentence confinement. It is recommended that this sentence be served at the Sullivan County House of Correction. Stand committed."

The defendant argues that mandatory sentencing unlawfully conflicts with the inherent power of the trial court to suspend sentences, as well as with the court's statutory power to suspend sentences as expressed in RSA 504:1 (Supp. 1979). We hold that the sentence in this case is lawful, and therefore we affirm.

Arguments similar to those advanced by the defendant have

been considered by this court in cases involving the mandatory sentencing of second offenders under statutes dealing with persons driving motor vehicles while under the influence of intoxicating liquor or drugs. *State v. Mullen*, 119 N.H. 703, 705–09, 406 A.2d 698, 699–702 (1979); *State v. Dean*, 115 N.H. 520, 522–24, 345 A.2d 408, 410–11 (1975). In each instance the arguments have failed. "[T]he exercise of the judicial privilege of suspension can be withdrawn by statutory language expressing a clear legislative intent that a sentence is to be mandatorily imposed." *State v. Dean*, 115 N.H. at 523, 345 A.2d at 411; *see State v. Mullen*, 119 N.H. at 705–06, 406 A.2d at 699–700; *State v. Greenwood*, 115 N.H. 117, 118, 335 A.2d 644, 645–46 (1975).

■ The defendant argues that the mandatory sentencing provisions of RSA 262-B:7 I fly in the face of RSA 504:1 (Supp. 1979). The latter statute provides generally that, notwithstanding other provisions of law, sentences to imprisonment may be suspended. A similar argument was answered in *State v. Dean*, where we held that "the legislative intent was that the specific provision of the most recent enactment, RSA 262-B:7 . . . should control, taking priority over the general provision of the earlier enactment, now RSA 651:20." 115 N.H. at 522, 345 A.2d at 410. *See also Board of Selectmen v. Planning Bd.*, 118 N.H. 150, 152, 383 A.2d 1122, 1124 (1978). The same reasoning applies with respect to RSA 504:1 (Supp. 1979). The legislature has not significantly altered that portion of RSA 504:1 concerning a court's power to suspend a sentence since the section was first enacted. *See* Laws 1937, 143:9. Therefore, the specific provision of RSA 262-B:7 I, forbidding a court to suspend a sentence for a violation of that chapter, controls the general provision, contained in every enactment of RSA 504:1, empowering a court to suspend any sentence. The defendant has failed to present convincing evidence that the changes in RSA 504:1 (Supp. 1979), *see* Laws 1975, 493:1, repealed the mandatory sentencing requirement of RSA 262-B:7 I. *See Gazzola v. Clements*, 120 N.H. 25, 28, 411 A.2d 147, 150 (1980); *Arnold v. City of Manchester*, 119 N.H. 859, 863, 409 A.2d 1322, 1325 (1979).

■■ The State argues that RSA 262-B:7 I mandates a single indeterminate sentence of one to five years. We disagree. The statute sets the sentence at "not less than a year nor more than 5 years." RSA 262-B:7 I. These are discretionary, not absolute, words. Where the language of a statute is plain, we will give the words their usual and customary meaning. *Silva v. Botsch*, 120 N.H. 600, 601, 420 A.2d 301, 302 (1980). Thus, while the defend-

ant's sentence was lawful, it was not the only sentence that could have been imposed.

■ It should be noted that mandatory sentencing in New Hampshire has been cautiously and sparingly used. Its application has been limited to habitual motor vehicle offenses, RSA 262-B:7 I, second drunk driver offenses, RSA 262-A:62 (Supp. 1979), and the felonious use of a firearm, RSA 651:2 II-b (Supp. 1979). Mandated sentences that impose too severe a punishment for offenses may run afoul of constitutional prohibitions. *See* U.S. CONST. amend. VIII; N.H. CONST. pt. I, art. 18. In *State v. Wentworth*, 118 N.H. 832, 843, 395 A.2d 858, 865 (1979), we said:

> "[W]e recognize that, as defendant argues, the constitutional prohibitions against cruel and unusual punishments might be violated by sentences which are grossly disproportionate to the crime, *see Robinson v. California*, 370 U.S. 660, 667 (1962); *Coker v. Georgia*, 433 U.S. 584, 591–92 (1977), and that sentences might be so disproportionate as to constitute an abuse of discretion, *see Benton v. Dover District Court*, 111 N.H. 64, 274 A.2d 876 (1971) . . . ."

We find no such problem here.

■ The defendant's argument that he could have been sentenced to a county house of correction instead of the State prison is also unpersuasive. This court previously recognized that the legislature intended that all sentences be served in the New Hampshire State Prison. "The penalty for operating a motor vehicle in violation of an order under this statute is mandatory imprisonment *in State prison* for not more than five years nor less than one year . . . ." *State v. Bowles*, 113 N.H. 571, 572, 311 A.2d 300, 301 (1973) (emphasis added). The legislature intended that a conviction as an habitual motor vehicle offender be punished as a felony, because it is the *potential* sentence (here five years) that determines the classification of an offense. *See Paey v. Rodrigue*, 119 N.H. 186, 188–89, 400 A.2d 51, 53 (1979). The shortest maximum sentence that can be imposed under RSA 262-B:7 I is two years. We arrive at this conclusion because a minimum felony sentence can be no greater than one-half the maximum sentence. RSA 651:2 II. Since a sentence of at least one year has been set by the legislature as the minimum sentence, RSA 262-B:7 I, the maximum sentence must be at least two years. And where the maximum sentence for an offense is greater than a year, it must be served in the State prison. RSA 651:15 (Supp. 1979). The terms, conditions, and place

of incarceration once a person has been sentenced to the New Hampshire State Prison is a matter to be determined by the warden under the authority vested in him. *See* RSA 651:25.

*Affirmed.*

All concurred.