Original
No. 95-114

PETITION OF THE STATE OF NEW HAMPSHIRE (State v. Langille)

July 6, 1995

*Jeffrey R. Howard,* attorney general (*John A. Stephen,* assistant attorney general, on the brief), for the State.

*David M. Rothstein,* assistant appellate defender, of Concord, by brief for the defendant, Russell Langille.

THAYER, J. The State petitions for a writ of prohibition seeking to rescind a sentence imposed by the Superior Court (*Groff,* J.) on the ground that the court lacked the legal authority to order the sentence that it imposed. For the reasons that follow, we grant the State's petition.

The defendant, Russell Langille, was certified as an habitual offender in 1989 due in part to two prior convictions for driving while under the influence of controlled drugs or intoxicating liquor (DWI). On July 12, 1994, the defendant was arrested for driving after being certified as an habitual offender, in violation of RSA 262:23 (1993). The defendant was convicted following a jury trial and sentenced to twelve months of probation and concurrent home confinement.

The question in this case is whether the trial court had the authority to impose that sentence. The State argues that because the defendant's convictions underlying his habitual offender certification included a conviction for DWI, RSA 262:23 requires the imposition of a minimum mandatory sentence of one year imprisonment and that the trial court did not have the power to impose a lesser sentence.

"Prohibition is an extraordinary remedy which, although within the discretion of this court, is used with caution and forbearance and only when the right to relief is clear." *State v. Superior Ct.,* 116 N.H. 1, 2, 350 A.2d 626, 627 (1976). "When there is no other remedy, this court may exercise its supervisory powers and countermand, by means of a writ of prohibition, a trial court's order which is not supported by any legal authority." *State v. Flynn,* 123 N.H. 459, 462, 464 A.2d 268, 271 (1983). We must therefore determine whether the trial court exceeded its legal authority by imposing the sentence in question.

The defendant was convicted under RSA 262:23, which provides that any person convicted of driving a motor vehicle after being certified as an habitual offender is subject to a mandatory minimum sentence of one year imprisonment. RSA 262:23, I. "No portion of the minimum mandatory sentence shall be suspended . . . [unless] the driving of a

motor vehicle was necessitated by situations of apparent extreme emergency which required such operation to save life or limb." RSA 262:23, I. This mandatory minimum, however, does not apply to an individual "who does not have a conviction [for DWI] or any misdemeanor or felony motor vehicle convictions pursuant to RSA title XXI," RSA 262:23, III.

The defendant does not allege that his driving was necessitated by an emergency and admits that he has prior convictions for driving under the influence of drugs or liquor. Therefore the mandatory minimum sentence is applicable. He argues, however, that RSA 651:2, V (Supp. 1994) empowers the trial court to impose probation in lieu of the mandatory minimum sentence. That statute provides that "in cases of persons found to be habitual offenders . . . and convicted of an offense under RSA 262:23, the sentence may include, as a condition of probation, confinement to a person's place of residence for not more than one year in case of a misdemeanor or more than 5 years in case of a felony." RSA 651:2, V(b).

■ We begin a statutory analysis by considering the plain meaning of the statutes. *State v. Johnson,* 134 N.H. 570, 576, 595 A.2d 498, 502 (1991). In this case, two statutes address the question of sentencing for convictions for operating after being certified as an habitual offender. "When interpreting two statutes which deal with a similar subject matter, we will construe them so that they do not contradict each other, and so that they will lead to reasonable results and effectuate the legislative purpose of the statute." *Brosseau v. Green Acres Mobile Homes,* 135 N.H. 643, 646, 609 A.2d 738, 740 (1992) (quotation omitted).

■ RSA 262:23 directly addresses the penalties to be imposed when an individual operates a motor vehicle after being certified as an habitual offender. The statute requires a mandatory minimum sentence unless the underlying offenses do not include convictions for DWI or any misdemeanor or felony motor vehicle convictions, or the defendant faced an emergency situation. RSA 262:23, I, III. According to the plain meaning of the statute, when an individual has an underlying conviction for DWI or any misdemeanor or felony motor vehicle offenses, the mandatory minimum sentence *must* be imposed. RSA 262:23, I (defendant "shall be sentenced . . . to imprisonment for not less than one year); *cf. State v. Peabody,* 121 N.H. 1075, 1077, 438 A.2d 305, 307 (1981) (mandatory sentence cannot be suspended). The trial court's discretionary power to impose sentence is limited by a statute that imposes a mandatory minimum sentence. *Peabody,* 121 N.H. at 1077, 438 A.2d at 307. In this case, while the court may impose probation as an additional component, probation cannot replace the mandatory minimum sentence of one year imprisonment.

This reading of the statute is consistent with RSA 651:2, V, which empowers a trial court to impose a sentence that "may *include,* as a condition of probation," home confinement. RSA 651:2, V(b) (emphasis added). It does not purport to abrogate the imposition of a mandatory sentence; it simply gives the trial court the power to impose home confinement when probation is otherwise appropriate.

■ A trial court has broad discretion in sentencing, but it cannot impose a sentence that violates statutory requirements. *State v. Dean,* 115 N.H. 520, 523, 345 A.2d 408, 411 (1975). In this case, the sentence imposed did not satisfy the mandatory minimum sentence required by RSA 262:23, I, and, therefore, the trial court acted without legal authority. As the State had no alternative avenue of appeal, *see generally* RSA 606:10 (1986), we grant its petition and issue a writ of prohibition. We vacate the sentence imposed by the trial court and remand for sentencing consistent with this opinion.

*Petition granted.*

All concurred.