Merrimack
No. 94-277

THE STATE OF NEW HAMPSHIRE

v.

GARY FARROW

November 28, 1995

*Jeffrey R. Howard*, attorney general (*Ann M. Rice*, assistant attorney general, on the brief), for the State.

*David M. Rothstein*, assistant appellate defender, of Concord, by brief for the defendant.

PER CURIAM. The defendant, Gary Farrow, is serving a life sentence without possibility of parole following his conviction for first degree murder in 1976. *See State v. Farrow*, 118 N.H. 296, 299, 386 A.2d 808, 810 (1978); RSA 630:1-a, III (Supp. 1977). This appeal arises from the Superior Court's (*Smukler*, J.) dismissal of a petition to suspend the defendant's sentence. We affirm.

The defendant argues that, based upon statutory rules of construction, the trial court erred as a matter of law in ruling that the 1992 amendment to RSA 651:20, I(a) (Supp. 1993) (effective January 1, 1993) (amended Laws 1994, 129:1) did not allow persons convicted of first degree murder to petition for sentence suspension. He contends that although the statutory language in question is clear and unambiguous, the trial court went beyond its plain meaning and improperly considered legislative history and purpose in deciding whether to dismiss his petition.

"On questions of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *State v. Woods*, 139 N.H. 399, 400, 654 A.2d 960, 961 (1995) (quotation omitted). From January 1, 1993, until July 22, 1994, RSA 651:20, I(a) provided that "[a]ny person sentenced for any of the . . . violent crimes against a person listed in RSA 651:4-a shall not bring such petition to suspend sentence

earlier than 4 years after commencement of said sentence nor more frequently than every 4 years thereafter." RSA 651:4-a (Supp. 1993) (amended Laws 1994, 394:2) permitted the victims or the families of victims of certain crimes to speak to the court prior to sentencing about "the offense, the person responsible, and the need for restitution." First degree murder was among the crimes listed in RSA 651:4-a.

The defendant argues that since first degree murder was listed in RSA 651:4-a, his petition for sentence suspension was lawfully before the trial court. At first glance, RSA 651:20, I(a) could be interpreted in the manner suggested by the defendant. Such an interpretation, however, would render RSA 651:20, I(a) in clear conflict with two other provisions of the criminal code, RSA 630:1-a, III (1986) and RSA 651:1, I (1986), both of which govern the sentencing of persons convicted of first degree murder.

Under these circumstances, we will examine RSA 651:20, I(a) not in isolation, but in the context of the overall statutory scheme. *Opinion of the Justices (Solid Waste Disposal)*, 135 N.H. 543, 545, 608 A.2d 870, 872 (1992). "[A]ll statutes upon the same subject-matter are to be considered in interpreting any one of them." *Barksdale v. Town of Epsom*, 136 N.H. 511, 515-16, 618 A.2d 814, 817 (1992) (quotation omitted). "Where reasonably possible, statutes should be construed as consistent with each other." *Appeal of Derry Educ. Assoc.*, 138 N.H. 69, 71, 635 A.2d 465, 466 (1993). "When interpreting two statutes which deal with a similar subject matter, we will construe them so that they do not contradict each other, and so that they will lead to reasonable results and effectuate the legislative purpose of the statute." *Petition of Public Serv. Co. of N.H.*, 130 N.H. 265, 282, 539 A.2d 263, 273 (1988) (citation omitted).

We begin our analysis by examining the purpose and effect of RSA 630:1-a, III, which provides that "[a] person convicted of a murder in the first degree shall be sentenced to life imprisonment and shall not be eligible for parole at any time." This statute is intended to protect society by permanently isolating first degree murderers from the community. *State v. Farrow*, 118 N.H. at 302, 386 A.2d at 812. It also effectively eliminates judicial discretion in sentencing them. *State v. Smith*, 119 N.H. 674, 675-76, 406 A.2d 135, 135-36 (1979) (a sentencing court has neither the statutory authority nor inherent common law power to suspend any portion of a sentence imposed under RSA 630:1-a, III for first degree murder).

Next, we turn to RSA 651:1, I, which provides that the parole provisions in RSA chapter 651 "govern the sentencing for every offense, whether defined within or outside the code, except as

provided by RSA 630." It therefore exempts sentencing for first degree murder from RSA 651:20, I(a). *Smith,* 119 N.H. at 675, 406 A.2d at 136 (the statutory authority of a court to suspend a sentence pursuant to RSA 651:20 "is specifically made inapplicable to all sentences imposed under RSA 630:1-a, III by virtue of RSA 651:1").

Finally, an examination of the legislative history and purpose of RSA 651:20, I(a) supports our conclusion. In 1992, the sexual assault laws were significantly revised in an effort to protect society from sexual offenders. *See* Laws 1992, ch. 254. As part of that effort, RSA 651:20, I(a) was amended so that a person convicted of a violent crime against a person listed in RSA 651:4-a could not seek sentence suspension until four years after commencement of his sentence nor more frequently than every four years thereafter. The time frame for all other offenders to petition for sentence suspension remained at two years. This amendment was specifically designed to protect victims of violent crimes from having to repeatedly relive the trauma through more frequent sentence suspension hearings, *see* REPORT OF THE JOINT AD HOC COMMITTEE TO STUDY NEW HAMPSHIRE'S RAPE LAWS 6 (January 27, 1992), not to expand the scope of crimes for which sentence suspension is available.

■ We conclude that when RSA 630:1-a, III, RSA 651:1, I, and RSA 651:20, I(a) are read together, RSA 651:20, I(a) cannot be construed to allow persons convicted of first degree murder to petition for sentence suspension. Such a construction, if adopted, would defeat the underlying legislative intent of these statutes by providing new opportunities for first degree murderers to return to society. *See Quality Carpets v. Carter,* 133 N.H. 887, 889, 587 A.2d 254, 255 (1991) (statutes construed to effectuate their evident purpose). "Our task is to construe the criminal code provisions according to the fair import of their terms and to promote justice." *State v. Harper,* 126 N.H. 815, 818, 498 A.2d 310, 313 (1985) (citation omitted); *see* RSA 625:3 (1986). This court will avoid construing statutes in a manner that would "produce an unjust and seemingly illogical result." *State v. Roger M.,* 121 N.H. 19, 22, 424 A.2d 1139, 1141 (1981).

■ The same result is reached based upon the rule of statutory construction which provides that "where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the latter will be regarded as an exception to the general enactment where the two conflict." *State v. Bell,* 125 N.H. 425, 432, 480 A.2d 906, 911 (1984). On the one hand, RSA 651:20, I(a) confers general discretion upon a sentencing court to suspend a sentence. RSA 630:1-a, III and RSA 651:1, I, on the

other hand, clearly and specifically limit the court's authority in sentencing first degree murderers. Because RSA 630:1-a, III and RSA 651:1, I, provide specific exceptions to the more general rule found in RSA 651:20, I(a), they will control. *See State v. Dean*, 115 N.H. 520, 523, 345 A.2d 408, 411 (1975) ("the exercise of the judicial privilege of suspension can be withdrawn by statutory language expressing a clear legislative intent that a sentence is to be mandatorily imposed").

■ We also reject the defendant's argument that RSA 651:20, I(a) must govern because it was enacted more recently than RSA 630:1-a, III and RSA 651:1, I. In support of this argument, the defendant cites *Petition of Public Service Co. of New Hampshire*, which provides that "[w]hen a conflict exists between two statutes, the later statute will control, especially when the later statute deals with a subject in a specific way and the earlier enactment treats that subject in a general fashion." 130 N.H. at 283, 539 A.2d at 274 (quotation omitted). RSA 651:20, I(a), as we have already discussed, is the more general statute. Where, as here, the application of the rule would defeat the legislative intent, it will not be dispositive of the question presented.

■ In conclusion, we note that the legislature substantially amended RSA 651:20, I(a), effective July 22, 1994, so that a petition to suspend sentence cannot be brought until a defendant has served at least 4 years or two-thirds of his minimum sentence, whichever is greater. The amendment also eliminated any reference to the crimes listed in RSA 651:4-a. *See* Laws 1994, 129:1.

*Affirmed.*

JOHNSON and BRODERICK, JJ., did not participate; BATCHELDER, J., retired, participated by special assignment under RSA 490:3; all who participated concurred.