## Richmond

LEVIN THOMAS HUFFMAN v. COMMONWEALTH OF VIRGINIA.

March 9, 1970.

Record No. R-10500.

Present, Snead, C.J., l'Anson, Carrico, Gordon, Cochran and Harman, JJ.

*Daniel Hartnett; Henry L. Carter (Ayres and Hartnett)*, for appellant.

*Wescott B. Northam, Commonwealth's Attorney*, for appellee.

Per Curiam.

On a Petition for a Writ of Error and Supersedeas.

This petition for a writ of error and supersedeas involves the validity of a judgment entered by the court below on June 13, 1969, finding that Levin Thomas Huffman was an habitual offender as defined by Code § 46.1-387.2 (Acts of Assembly 1968, ch. 476), and directing that his license to operate a motor vehicle in this State be prohibited for a period of ten years.

As required by § 46.1-387.4, the attorney for the Commonwealth

had served upon Huffman an information charging him with being an habitual offender, as defined in the act, and directing him to show cause why he should not be required to surrender his permit to operate a motor vehicle on the highways of this State. The information recited that the records of the Commissioner of the Division of Motor Vehicles show that Huffman had been convicted of the following offenses:

(1) August 23, 1963, convicted in the County Court of Northampton County for driving under the influence of intoxicating liquor;

(2) November 12, 1963, convicted in the State of Maryland of operating a motor vehicle while the license had been revoked;

(3) January 9, 1967, convicted in the police court of Exmore of "drunk driving";

(4) January 13, 1969, convicted in the County Court of Accomack County of operating a motor vehicle with a revoked license on November 30, 1968.

Abstracts of the several judgments of conviction were attached to the information.

In answer to the information, Huffman appeared in the Circuit Court of Accomack County on June 2, 1969, with counsel and the matter was heard by the court. The record contains no transcript of the proceedings of that trial, but the order shows that the several abstracts of conviction of the alleged offenses were introduced into evidence and that the defendant Huffman was the same person named therein. Thereupon the court entered the order complained of.

Code § 46.1-387.2 defines an habitual offender as any person whose record in the Division of Motor Vehicles shows that he has been convicted within a ten-year period for three or more separate and distinct specified offenses, the last of which occurred on or after June 28, 1968. These specified offenses include driving while under the influence of intoxicants and driving a motor vehicle while his license to drive had been suspended or revoked.

Section 46.1-387.6 provides that if the court finds that such person is the same person named in the abstract of convictions mentioned in the information, it shall find him to be an habitual offender and enter an order directing him not to operate a motor vehicle on the highways of the Commonwealth of Virginia. Under § 46.1-387.7 an habitual offender may not be licensed to operate an automobile for a period of ten years.

■ In his petition for writ of error Huffman contends that the judgment suspending his license is unconstitutional and void, because, he says, the Habitual Offender Act (Code § 46.1-387.1, *et seq.*), pursuant to which the order was entered, violates the Constitutions of the United States and Virginia in that it is an *ex post facto* law. He argues that the proceeding to revoke his license is a criminal proceeding; that the effect of the Habitual Offender Act is to increase the punishment which has been inflicted upon him for driving under the influence of intoxicants and driving after his license had been revoked by adding thereto the additional punishment of depriving him of the right to operate a car on the highways of the State.

There are ready answers to these contentions. In the first place, it is well settled that the constitutional prohibition against an *ex post facto* law applies to criminal proceedings and not to civil proceedings. *Commonwealth* v. *United Cigarette Co.*, 120 Va. 835, 839, 840, 92 S.E. 901, 902 (1917).

In the next place, we have held that a proceeding to revoke an automobile driver's permit or license is a civil and not a criminal proceeding; that the revocation is not for the punishment of the offender, but is for the protection of the public in removing from the highways a dangerous driver. *Pritchard* v. *Battle*, 178 Va. 455, 462, 17 S.E.2d 393, 395-96 (1941); *Butler* v. *Commonwealth*, 189 Va. 411, 423, 424, 53 S.E.2d 152, 157 (1949); *Prillaman* v. *Commonwealth*, 199 Va. 401, 406, 100 S.E.2d 4, 8 (1957).

■ The evidence is undisputed that the records of the Division of Motor Vehicles show that Huffman was convicted of four separate offenses specified in Code § 46.1-387.2 within a ten-year period, namely, twice for driving under the influence of intoxicants and twice for driving after his license had been suspended, and that the last offense, driving on a revoked license, occurred on November 30, 1968. Thus he was shown to be an habitual offender as defined in the statute.

The trial court was correct in directing the suspension of Huffman's license for a period of ten years, and the petition for a writ of error and supersedeas is denied.

*Writ of error denied.*