**VIRGINIA ex rel. SHIFFLETT, Relator,**

v.

**W. S. COOK, Sheriff, Albemarle County, Virginia.**

**Civ. A. No. 70–C–18–C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

Sept. 27, 1971.

---

John C. Lowe, Charlottesville, Va., for plaintiff.

William P. Robinson, Jr., Asst. Atty. Gen., Richmond, Va., for defendant.

## OPINION and JUDGMENT

DALTON, District Judge.

This case comes before the Court upon a petition for a writ of habeas corpus filed by Paul Timothy Shifflett, a state prisoner, pursuant to 28 U.S.C. §§ 2241 and 2254. The petition was filed with this Court on August 6, 1970.

Petitioner was convicted on April 7, 1969, in the Circuit Court of Albemarle County under Section 46.1–387.2 of the Code of Virginia, as an habitual offender and prohibited from operating a motor vehicle in Virginia for a period of ten years. At this proceeding Shifflett was not represented by counsel. Subsequent-

ly petitioner was stopped while operating a vehicle and was charged with violating Section 46.1–387.8 of the Code. That section provides, in relevant part:

It shall be unlawful for any person to operate any motor vehicle in this State while the order of the court prohibiting such operation remains in effect * * *. Any person found to be an habitual offender under the provisions of this article who is thereafter convicted of operating a motor vehicle in this State while the order of the court prohibiting such operation is in effect, shall be punished by confinement in the penitentiary not less than one nor more than five years and no portion of such sentence shall be suspended, except that in cases wherein such operation is necessitated in situations of apparent extreme emergency which require such operation to save life or limb, said sentence, or any part thereof may be suspended. * * *

On October 10, 1969, petitioner pleaded guilty to the charge of driving while his license was suspended, but apparently requested a jury trial on the issue of emergency condition. The request was denied, and the petitioner was convicted of the charge and sentenced to one year in the Virginia State Penitentiary. No part of the sentence has been suspended.

This Court originally dismissed the present petition on October 7, 1970, for failure of the petitioner to exhaust his available state remedies. Based upon additional documents filed on appeal, the United States Court of Appeals for the Fourth Circuit remanded the petition for further consideration (by memorandum opinion dated April 28, 1971).

The two claims which we must consider involve procedure embodied in the Habitual Offender Act (Code § 46.1–387.1 et seq.) which petitioner alleges have denied him certain constitutional rights: first, he was entitled to representation by counsel in the proceeding under Section 46.1–387.2 which resulted in the revocation of his license; and second, he was entitled to a jury trial on the issue of emergency in the proceeding under Section 46.1–387.8 from which the prison sentence arose.

■■ Petitioner's first claim is without merit. The revocation of an habitual offender's license is not for the punishment of the offender, but rather for the protection of the public in removing from the highway a dangerous driver. A proceeding to revoke an automobile driver's license is a civil and not a criminal proceeding. Huffman v. Commonwealth, 210 Va. 530, 172 S.E.2d 788 (1970). Petitioner's claim, that he was entitled to the assistance of counsel, does not therefore reach a constitutional issue.

■ We cannot so easily dispose of the remaining claim. Contrary to respondent's intimations, the *Huffman* case did not hold that a proceeding under Section 46.1–387.8, like that under Section 46.1–387.2, is a civil proceeding. It is in fact criminal because the section clearly makes operation of a vehicle while the prohibitory order is in effect a violation of public law, Schick v. United States, 195 U.S. 65, 24 S.Ct. 826, 49 L.Ed. 99 (1904), and punishes the violation as a felony. Code § 18.1–6. Section 8 of the Constitution of Virginia provides "That in criminal prosecutions a man * * * shall enjoy the right to a speedy and public trial, by an impartial jury of his vicinage * * *". Moreover, the Fourteenth Amendment guarantees a right of jury trial in all criminal cases which, if tried in federal court, would come within the Sixth Amendment guarantee. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). In determining whether an offense is serious or petty, and thus whether a jury trial is required, the severity of the penalty authorized rather than that actually imposed is the most relevant criterion. Duncan v. Louisiana, *supra*; Frank v. United States, 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969). It is settled that the right of a jury trial is preserved in prosecutions for offenses however categorized where imprisonment for more than six months is authorized. Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970).

Where as here the maximum penalty of five years may be imposed, an accused is clearly entitled to a jury trial under the Sixth and Fourteenth Amendments.

■ Petitioner's claim however lacks merit. There is no assertion that the plea of guilty to the charge of operating the vehicle in violation of the prohibitory order was involuntarily entered. Rather petitioner apparently contends that the plea was an admission of no more than the trier, whether court or jury, would have to find before it could consider the issue of emergency. Petitioner attempted to preserve in part his right to a jury trial; therefore the trial judge should not have accepted the plea because it was in effect a plea of not guilty. We do not agree. The order of conviction clearly shows that petitioner was advised of the consequences of his plea and that he understood them. Moreover as we interpret the Act, petioner was not entitled to a jury trial on the issue of emergency in any case.

■ Section 19.1–291 of the Code of Virginia requires the jury, if trial is by jury, to fix the term of imprisonment upon conviction. See also Code § 19.1–292. Under section 46.1–387.8, if the trier finds that an accused drove the car in violation of the prohibitory order, that is itself the conviction; the jury, if trial is by jury, would thus impose the sentence within the limits defined in the Act. Cf. Code § 46.1–351.2(d). The petitioner waived this right when he admitted that he drove the automobile in violation of the Act.

■ The issue of emergency does not reach the conviction but rather is the criterion upon which sentence may be suspended. Cf. Code § 46.1–350(b). Suspension of a sentence is a matter of the trial court's discretion rather than the jury's. Code § 53–272. Therefore even if petitioner had been tried by a jury, the court would not be obligated to accept any recommendation of suspension of sentence since it is the function of the court rather than the jury to determine in the first instance whether or not an emergency existed. We can find nothing

in the Due Process Clause of the Fourteenth Amendment of the United States Constitution which guarantees the right of an accused to have his punishment assessed by a jury, although this procedure is permitted by statute in Virginia. See also Payne v. Nash, 327 F.2d 197 (8th Cir. 1964). *A fortiori* there is no right to have the jury determine whether a sentence should be suspended.

For the foregoing reasons, it is ordered that the petition for a writ of habeas corpus is dismissed with prejudice to the claims adjudged herein.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of this court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right of appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.