## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

John Scott Barmby

January 13, 1989

Case No. (Law) 87347

By JUDGE MICHAEL P. McWEENY

This matter came before the Court upon an Order to Show Cause why the defendant should not be adjudged an habitual offender. The Order issued upon the Commonwealth's filing of Information pursuant to Section 46.1-387.4 of the Code of Virginia. Counsel presented evidence and argument, and the Court took the matter under advisement.

The defendant raises a number of issues, however, he appears to rely upon four: (a) the Commonwealth failed to act "forthwith" pursuant to § 46.1-387.4; (b) this action is barred under the doctrine of *res judicata*; (c) the government is "estopped" from breaching an agreement with the defendant; and (d) the Commonwealth is relying upon convictions in excess of ten years old. They will be addressed in turn.

The first issue is derived from the language of the applicable statute: "the attorney for the Commonwealth, upon receiving the aforesaid transcripts or abstracts, shall *forthwith* file information against the person named therein . . . ." Section 46.1-387.4, Code of Virginia (emphasis added). While it is well settled that "forthwith" is to be interpreted as requiring "reasonable promptness without necessary delay" (*Winston v. Commonwealth*, 188 Va. 386 (1948); *Bouldin v. Commonwealth*, 4 Va. App. 166 (1987), it is less clear to whom that duty of "reasonable

promptness" flows. To find this answer, one must look to the purpose of the Statute.

Section 46.1-387.1 sets forth the principle purpose: "To provide maximum safety for all persons who travel or otherwise use the public highways of the Commonwealth . . . ." The Virginia Habitual Offender Act, therefore is a public safety act with the purpose of protecting the public. *Virginia ex rel. Shifflet v. Cook*, 333 F. Supp. 718 (W.D. Va. 1971). When § 46.1-387.4 is read in that context, it becomes clear that the legislative intent is to require the Commonwealth's Attorney to act "forthwith" *for the benefit of the public*, not for the defendant. While there often may be an incidental advantage to the defendant through prompt action of the Commonwealth's Attorney, the public is the protected class. The defendant's motion to dismiss on this ground is denied.

The second issue is whether this action under the Virginia Habitual Offender Act is barred by the doctrine of *res judicata* in that the same record was submitted to the Stafford County General District Court in determining whether to issue the defendant a restricted operators license. While the privilege to drive was at issue in Stafford as it is in the case at bar, the former was as the result of a misdemeanor charge of Driving While Intoxicated, while the case at bar is a civil action to determine if the defendant should be deemed an Habitual Offender. For the doctrine of *res judicata* to apply there must be an identity in the thing sued for as well as identity of the cause of action. No such "identity" exists in this case. The defendant's motion to dismiss on this ground is denied.

The third issue of estoppel arises out of the participation by the defendant in the VASAP program pursuant to the ruling of the Stafford County General District Court. It is argued that the defendant, in reliance upon the restricted license issued, invested funds and time in an attempt to resolve his problem with alcohol and comply with the requirements of the state-based program, and the Commonwealth may not "pull the rug out from under the defendant" and refuse to perform its side of the "contract." While the argument is novel, the Court finds it to be without merit. No evidence was submitted that as a part of the entry into the VASAP program the Commonwealth

promised that an habitual offender information would not be filed. The only evidence is that the defendant's license was suspended and then reissued in a restricted form as a part of the sentence and probation resulting from his conviction for driving while intoxicated. The defendant's motion to dismiss on this ground is denied.

The fourth issue is related to the "age" of the convictions relied upon by the Commonwealth. Section 46.1-387.2 defines an habitual offender as "any person . . . whose record . . . shows that such person has accumulated the conviction . . . for separate and distinct offenses . . . committed within a ten-year period . . . ." And it further defined those convictions as "three or more convictions . . . of . . . (2) Driving or operating a motor vehicle while under the influence of intoxicants or drugs in a violation of § 18.2-266 . . . (4) Driving a motor vehicle while his license, permit or privilege to drive a motor vehicle has been suspended or revoked in violation of §§ 18.2-272, 46.1-350 or § 46.1-351 . . . ." A review of the record indicates that three of the six convictions occurred more than ten years prior to the filing of the Information on October 21, 1988. However, all were within ten years of the certification of the record by the Commissioner on July 28, 1987. Additionally, three convictions were within four years of the Information and within slightly more than two years of the certification. The evidence as submitted by the Commonwealth is both admissible and sufficient under the Act, and the defendant's motion to dismiss on this ground is denied.

Lastly, the defendant had raised additional issues in his answer; however, those issues were not developed beyond mere recitation. Those grounds are denied.