Commonwealth of Virginia

v.

Karl Eric Jacobsen

May 9, 1995

Case No. (Law) 16150

By Judge Thomas D. Horne

Defendant raises the bar of the double jeopardy clause of the Fifth Amendment to the United States Constitution in the instant habitual offender proceeding. He suggests that the Commonwealth, by the pursuit of this action, seeks to impose upon the Defendant multiple punishments for the same traffic-related offenses of which he has been convicted in the past. Should the Court determine that the Defendant was so convicted of at least three such predicate offenses, then it must declare him a habitual offender and suspend his privilege to operate a motor vehicle over the highways of the Commonwealth for a period of ten years.

Counsel for the Defendant has asserted by way of his motion to dismiss the instant show cause proceeding that the declaration and driver's license suspension constitutes punishment. He has noted that in determining whether the suspension of the Defendant's operator's license is punishment, the Court must look beyond mere labels of "civil" and "criminal" to determine whether the Fifth Amendment prohibition against multiple punishments is implicated. See, *United States v. Halper*, 490 U.S. 435 (1989). Should the Court find that the purpose of the instant proceeding is penal, it must find for the Defendant. However, in the event the Court should determine the purpose to be remedial, the motion of the Defendant must fail.

Virginia courts have historically construed statutes relating to the suspension of the right to drive a motor vehicle to be remedial in nature. *Prichard v. Battle*, 178 Va. 455 (1941); *Huffman v. Commonwealth*, 210 Va. 530 (1970). The intent of such statutes has been found to be the

protection of the public and not the punishment of the offender. *Virginia ex rel. Shifflett v. Cook*, 333 F. Supp. 718 (W.D. Va. 1971).

Accordingly, the Court finds that the purpose of the habitual offender statute is to protect the driving public and not to punish the offender for his past misconduct. The Motion to Dismiss is denied.