COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Annunziata and
          Senior Judge Duff
Argued at Alexandria, Virginia


CLARENCE SCOTT LEGG

v.         Record No. 0544-95-4       MEMORANDUM OPINION[*] BY
                                      CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA                   FEBRUARY 27, 1996

              FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                   William Shore Robertson, Judge

          Jud A. Fischel (Nicholas R. VanBuskirk;
          Jud A. Fischel, P.C., on brief), for
          appellant.

          Michael T. Judge, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Clarence Scott Legg appeals his adjudication as an habitual

offender under Code § 46.2-351.  He claims that this adjudication

placed him in jeopardy twice for the same offense in violation of

the United States Constitution.  We affirm the judgment of the

circuit court.

     On June 23, 1994, Legg was certified as an habitual offender

by the Virginia Department of Motor Vehicles.  An information

charging Legg with being an habitual offender was filed in the

circuit court on June 30, 1994.  On January 9, 1995, Legg moved

to dismiss the information, alleging that the Virginia habitual

offender statute violated the double jeopardy clause of the

Constitution because it subjected him to successive punishments

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

for the same offense.  On February 13, the court denied the motion to dismiss and adjudged Legg to be an habitual offender under Code § 46.2-351.  Accordingly, Legg was ordered to surrender all licenses and permits to operate a vehicle on the highways of the Commonwealth.

The double jeopardy clause provides three separate protections:  protection against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense.  <u>Brown v. Ohio</u>, 432 U.S. 161, 165 (1977).  Legg claims that to adjudge him an habitual offender imposes a second punishment for the offenses underlying that adjudication.  He thus seeks to invoke the protection against multiple punishments for the same offense.

In this case, the double jeopardy claim arises not from two successive criminal prosecutions, but from several criminal prosecutions followed by a civil habitual offender proceeding. <u>See</u> <u>Bouldin v. Commonwealth</u>, 4 Va. App. 166, 170, 355 S.E.2d 352, 355 (1987) (habitual offender proceedings are civil in nature.) This would constitute double jeopardy only if the license revocation imposed in the civil proceeding constitutes punishment, and if the license revocation and the criminal sanctions occurred in separate proceedings.  <u>Department of Revenue of Montana v. Kurth Ranch</u>, 511 U.S. __, 114 S. Ct. 1937, 1945 (1994); <u>United States v. Halper</u>, 490 U.S. 435, 446, 450 (1989).  Because we hold that the license revocation resulting

from the habitual offender adjudication does not constitute punishment, we need not consider whether the proceedings were separate, although we note that the Commonwealth has apparently conceded this issue.

A civil penalty constitutes punishment for purposes of double jeopardy to the extent that it may not be fairly characterized as remedial, but only as a deterrent or retribution. Halper v. United States, 490 U.S. 435, 448-449 (1989); holding restated in Kurth Ranch, 511 U.S. ___ at __, 114 S. Ct. at 1945; followed in Tench v. Commonwealth, 21 Va. App. 200, 205, 462 S.E.2d 922, 924 (1995). In Huffman v. Commonwealth, 210 Va. 530, 172 S.E.2d 788 (1970), the Supreme Court held that the purpose of revoking the habitual offender's license "is not for the punishment of the offender, but for the protection of the public in removing from the highways a dangerous driver." Id. at 532, 172 S.E.2d at 789. In Tench, we held that protection of the public from dangerous drivers is a remedial purpose that does not constitute punishment for purposes of double jeopardy. Tench, 21 Va. App. at 205-206, 462 S.E.2d at 924. The same is true here.[1]

Legg argues that in Austin v. United States, 509 U.S. ___, 113 S. Ct. 2801 (1993), the Supreme Court established that a

---

[1] Legg argues that adjudication as an habitual offender is punitive in his case because the offenses for which he was certified relate to his failure to prove financial responsibility, not to instances of "dangerous" driving. Legg failed to raise this argument below and it is therefore barred under Rule 5A:18.

civil sanction constitutes punishment if it has any deterrent or punitive effect whatsoever, even if it also serves remedial goals. In Austin, the Supreme Court held that the Eighth Amendment's excessive fines clause applies to in rem forfeiture proceedings. The Supreme Court concluded that property forfeitures have historically been regarded as punitive, even though they may also serve a remedial purpose.

As we explained in Tench, Austin is not a double jeopardy case and does not purport to modify the Court's holding in Halper that a civil sanction constitutes punishment if it is not remedial, but only a deterrent or retribution. The habitual offender statute has a remedial purpose, and therefore license revocation under that statute does not constitute an additional punishment for the same offense in violation of the double jeopardy clause.

For these reasons, the judgment of the circuit court is affirmed.

<u>Affirmed.</u>