81 F.3d 149
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James T. DAVIS, Plaintiff-Appellant,
v.
Donald E. WILLIAMS, Commissioner, Department of Motor
Vehicles for the Commonwealth of Virginia, in his individual
and official capacity; Dan W. Byers, Administrator,
Motorist Licensing, Commonwealth of Virginia, Department of
Motor Vehicles, in his official capacity; Harvie L.
Fowlkes, Jr., Clerk, General District Court for the City of
Petersburg, Commonwealth of Virginia, in his individual and
official capacity; Edith Winters, Clerk, General District
Court for the City of Hopewell, Commonwealth of Virginia, in
her individual and official capacity; Donna W. Brockwell,
Clerk, General District Court for the County of Dinwiddie,
Commonwealth of Virginia, in her individual and official
capacity, Defendants-Appellees.
 No. 94-1940.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 19, 1996.
Decided April 3, 1996.
 
 James T. Davis, Appellant Pro Se. Peter Robert Messitt, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.
 Before MICHAEL and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James T. Davis filed a 42 U.S.C. § 1983 (1988) complaint on December 3, 1993, raising several constitutional violations resulting from suspensions of his driver's license by the Virginia Department of Motor Vehicles ("DMV") between 1986 and 1993 for failure to pay the fines imposed for violations of the Virginia Motor Vehicle Code. After a hearing, the district court granted the Defendants' summary judgment motion for the reasons stated from the bench. Finding no reversible error, we affirm.
 
 
 2
 Davis' challenge to the DMV suspensions of his license between 1986 and 1990 was barred by Virginia's two-year statute of limitations for personal injury actions. See Va.Code Ann. § 8.01-243(A) (Michie 1992); see Wilson v. Garcia, 471 U.S. 261, 280 (1985) (holding that federal courts apply state statutes of limitation in § 1983 actions). With regard to the 1993 suspension, the district court properly denied relief on Davis' due process claim that his license was suspended without notice because it was barred by the doctrine of collateral estoppel. See Angstadt v. Atlantic Mut. Ins. Co., 457 S.E.2d 86, 87 (Va.1995). And Davis was not entitled to a hearing under Va.Code Ann. §§ 46.2-402 to -407 (Michie 1994), because his license was suspended under Va.Code Ann. § 46.2-395 (Michie 1994), which does not require a hearing. Davis' claim that the fee to reinstate his license was an additional punishment that violated the Double Jeopardy Clause also failed because the purpose of suspending or revoking licenses is for the protection of the public by removing dangerous drivers from Virginia roadways. See Huffman v. Virginia, 172 S.E.2d 788, 789 (Va.1970). Finally, the district court properly denied relief on Davis' claim that he received ineffective assistance of counsel. See Sanchez v. United States Postal Serv., 785 F.2d 1236, 1237 (5th Cir.1986) (holding that there is no right to effective assistance of counsel in civil cases).
 
 
 3
 Because the district court properly granted summary judgment on Davis' claims, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986), we grant Davis leave to proceed in forma pauperis and affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED