**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES T. DAVIS,
<u>Plaintiff-Appellant,</u>

v.

DONALD E. WILLIAMS,
Commissioner, Department of
Motor Vehicles for the
Commonwealth of Virginia, in his
individual and official capacity;
DAN W. BYERS, Administrator,
Motorist Licensing, Commonwealth
of Virginia, Department of Motor
Vehicles, in his official capacity;
HARVIE L. FOWLKES, JR., Clerk,

General District Court for the City
of Petersburg, Commonwealth of
Virginia, in his individual and
official capacity; EDITH WINTERS,
Clerk, General District Court for the
City of Hopewell, Commonwealth
of Virginia, in her individual and
official capacity; DONNA W.
BROCKWELL, Clerk, General District
Court for the County of Dinwiddie,
Commonwealth of Virginia, in her
individual and official capacity,
<u>Defendants-Appellees.</u>

No. 94-1940

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-93-802-R)

Submitted: March 19, 1996

Decided: April 3, 1996

Before MICHAEL and MOTZ, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James T. Davis, Appellant Pro Se. Peter Robert Messitt, OFFICE OF
THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia,
for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James T. Davis filed a 42 U.S.C. § 1983 (1988) complaint on
December 3, 1993, raising several constitutional violations resulting
from suspensions of his driver's license by the Virginia Department
of Motor Vehicles ("DMV") between 1986 and 1993 for failure to pay
the fines imposed for violations of the Virginia Motor Vehicle Code.
After a hearing, the district court granted the Defendants' summary
judgment motion for the reasons stated from the bench. Finding no
reversible error, we affirm.

Davis' challenge to the DMV suspensions of his license between
1986 and 1990 was barred by Virginia's two-year statute of limita-
tions for personal injury actions. See Va. Code Ann. § 8.01-243(A)

2

(Michie 1992); see Wilson v. Garcia, 471 U.S. 261, 280 (1985) (holding that federal courts apply state statutes of limitation in § 1983 actions). With regard to the 1993 suspension, the district court properly denied relief on Davis' due process claim that his license was suspended without notice because it was barred by the doctrine of collateral estoppel. See Angstadt v. Atlantic Mut. Ins. Co., 457 S.E.2d 86, 87 (Va. 1995). And Davis was not entitled to a hearing under Va. Code Ann. §§ 46.2-402 to -407 (Michie 1994), because his license was suspended under Va. Code Ann. § 46.2-395 (Michie 1994), which does not require a hearing. Davis' claim that the fee to reinstate his license was an additional punishment that violated the Double Jeopardy Clause also failed because the purpose of suspending or revoking licenses is for the protection of the public by removing dangerous drivers from Virginia roadways. See Huffman v. Virginia, 172 S.E.2d 788, 789 (Va. 1970). Finally, the district court properly denied relief on Davis' claim that he received ineffective assistance of counsel. See Sanchez v. United States Postal Serv. , 785 F.2d 1236, 1237 (5th Cir. 1986) (holding that there is no right to effective assistance of counsel in civil cases).

Because the district court properly granted summary judgment on Davis' claims, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986), we grant Davis leave to proceed in forma pauperis and affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3