Strafford County Probate Court
No. 90-534

*In re* GUARDIANSHIP OF RAYMOND E.

June 25, 1992

*Elizabeth Cazden*, of Manchester, by brief and orally, for the mother.

*Bianco Professional Association*, of Concord (*James J. Bianco, Jr.* and *Lisa A. Rule* on the brief, and *Mr. Bianco* orally), for the guardian.

THAYER, J.  The mother of Raymond E., Samantha L. (mother), appeals from a Probate Court (*Cassavechia*, J.) decree granting guardianship of Raymond to Cheryl M. (guardian). Because we hold that the guardian lacked standing to petition the probate court for guardianship of Raymond, we reverse.

Raymond was born in April 1987. In 1988, Raymond's mother sought assistance from the State Division for Children and Youth Services (DCYS) and AIDS Response of the Seacoast (ARS). The guardian was a volunteer at ARS and helped the mother with transportation and babysitting, including overnight and extended care of Raymond, during 1989 and 1990. In May 1990, the guardian petitioned the probate court for guardianship of Raymond. The petition alleged that the mother was physically and mentally incapable of caring for Raymond, and that Raymond had been in the guardian's primary care between January 1989 and the date of the petition. The mother failed to appear at the hearing, and the judge granted the guardian's petition based upon a finding that the guardianship was "consonant with [Raymond's] best interest." The mother then obtained counsel and moved to dismiss the guardianship over Raymond or, in the alternative, for a new hearing. The motion was denied, and this appeal followed.

RSA chapter 463 governs the probate court's jurisdiction over the appointment of guardians of minors. The guardian argues that her petition was proper under RSA 463:1. The mother argues that the guardian lacked standing to petition for guardianship under RSA chapter 463 because she did not meet its statutory requirements.

"To resolve the statutory arguments, principles of statutory interpretation require us to look first to the statutory language itself,

and to construe the law in a manner consistent with its plain meaning, when possible." *Petition of Jane Doe*, 132 N.H. 270, 276–77, 564 A.2d 433, 438 (1989) (citation omitted). In determining the plain meaning, we must look to the statute as a whole. *Id.* at 277, 564 A.2d at 438.

RSA 463:6 provides for appointment of a guardian based upon a finding that the parent or current guardian is "unfit to have the custody and control of said minor and of his estate and earnings . . . ." Section six then enumerates the entities that may petition for such a guardianship. *See* RSA 463:6. The guardian concedes that only those entities enumerated may petition for a guardianship based upon the fitness of the parent pursuant to section six. She argues, however, that *anyone* may petition for appointment of a guardian under RSA 463:1, which provides that "[t]he judge of probate in each county may appoint a guardian of the person or of the estate of any minor, or of both."

The guardian cites *Lessard v. Company*, 83 N.H. 576, 145 A. 782 (1929), for the proposition that anyone may petition for a guardianship based upon the fitness of the parent under RSA 463:1. In *Lessard*, a minor's half brother petitioned for guardianship with the parents' consent and by election of the minor. The court held that petitions for guardianship under P.L. c. 290, s. 6, the predecessor to RSA 463:6, may only be brought by public authorities and that the petition must be supported by proof that the parents are unfit. *Id.* at 578–79, 145 A. at 784. The court found that the guardianship at issue was not proper under section six. It was found to be proper, however, under section one of P.L. 290, the predecessor to 463:1, which provided for the appointment of "a guardian to any minor whenever there is occasion." *Id.* at 579, 145 A. at 784. The court upheld the appointment under section one's broad grant of power to appoint a guardian whenever there was occasion and stated that "[t]he exigencies which may call for such guardianship of a minor are numerous, and such an appointment does not necessarily carry any implication of the unfitness of the parents." *Id.* Relying on this statement, the guardian argues that although an appointment under section one does not "necessarily" carry an implication of unfitness, it nevertheless may be based upon unfitness.

The guardian overlooks the fact, however, that the legislature amended RSA 463:1 in 1959, after the *Lessard* decision, by striking the words "to any minor whenever there is occasion" and adding the words "of the person or of the estate of any minor, or of both." Laws

1959, 95:1. Thus, the legislature deleted the very words relied upon in *Lessard* as a grant of standing for anyone to petition for appointment of a guardian under RSA 463:1.

■ The guardian argues that nothing in RSA 463:6 purports to limit the probate court's authority to appoint guardians under RSA 463:1 based upon the fitness of the parent or current guardian. To the extent that the guardian argues that the entities listed in section six should not be deemed exclusive for the appointment of a guardian based upon the fitness of the parent or current guardian, we disagree. The guardian's argument is contrary to the customary rule of statutory construction that the legislature does not enact unnecessary provisions. *See DeWees v. N.H. Bd. of Pharmacy*, 130 N.H. 396, 403, 539 A.2d 721, 726 (1988). If the legislature did not intend to limit who may petition for appointment of a guardianship based upon the fitness of the parent or current guardian, then there would have been no need to create a unique section for such petitions and to list the possible petitioners. "Normally the expression of one thing in a statute implies the exclusion of another." *In re Gamble*, 118 N.H. 771, 777, 394 A.2d 308, 311 (1978).

■ Moreover, amendments to RSA 463:6 indicate that the legislature intended to specify exactly who may petition for appointment of a guardian based upon the fitness of the parent or current guardian. The predecessor of RSA chapter 463 was enacted in 1903. Laws 1903, ch. 116. Section six was amended in 1947, Laws 1947, 128:1, and again in 1953, Laws 1953, 91:1, adding the New Hampshire Children's Aid Society, the New Hampshire Catholic Charities, Inc., and the Family Service of Concord, New Hampshire to the list of public entities enumerated. By amending section six to include as potential petitioners those community organizations committed to the welfare of children, the legislature demonstrated its desire to specify every appropriate petitioner in the statute itself. Thus, we conclude that the list of petitioners able to institute guardianship proceedings based upon the fitness of the parent or guardian in RSA 463:6 is exhaustive. We therefore hold that the guardian, who is not among the entities listed in RSA 463:6, lacked standing to petition the probate court for appointment of a guardianship over Raymond based upon the mother's physical and mental incapability of caring for him.

*Reversed.*

BATCHELDER, J., did not sit; the others concurred.