# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0294, In the Matter of Gina DeSantis and Troy Cowell, the court on November 16, 2022, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. See Sup. Ct. R. 20(2). We affirm in part, vacate in part, and remand.

The petitioner (Mother) appeals the order of the Circuit Court (Forrest, J.) following a hearing, implementing a parenting plan between her and the respondent (Father), and granting the intervenors' (the grandparents') request for grandparent visitation. See RSA 461-A:6 (Supp. 2021) (amended 2022) (governing parenting plans), :13 (2018) (authorizing award of grandparent visitation). Mother argues that the trial court erred when it: (1) awarded the grandparents visitation rights without applying the test set forth in Chief Justice Broderick's opinion in In the Matter of R.A. & J.M., 153 N.H. 82 (2005), and without making express findings with respect to all the factors listed in RSA 461-A:13, II; (2) failed to timely rule on a motion for contempt for non-payment of child support and neglected to compute Father's child support arrearage; and (3) awarded Father unsupervised visitation with the children despite his behavioral history.

Following a final hearing, the court instituted a parenting plan that gradually increased Father's parenting time with the children, beginning with supervised visits and "semi-supervised" visits at a supervised visitation center, and graduating to unsupervised parenting time provided that Father meets certain conditions. In addition, the court awarded the grandparents visitation with the children on two Saturdays a month until Father achieves fully unsupervised visitation, at which time the grandparents' visitation would be reduced to one Saturday per month. As to child support, the court denied, without prejudice, Mother's pending motion for contempt for Father's non-payment of child support and ruled that Father's child support arrearage would be determined by the New Hampshire Department of Health and Human Services. This appeal followed.

The trial court has wide discretion in matters involving parental rights and responsibilities, child support orders, and contempt motions, and we will not overturn its determination except when there has been an unsustainable exercise of discretion. In the Matter of P.B. & T.W., 167 N.H. 627, 631 (2015)

(parental rights and responsibilities); In the Matter of Ndyaija & Ndyaija, 173 N.H. 127, 138, 140 (2020) (contempt and child support). When we review for an unsustainable exercise of discretion, we are deciding whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. P.B., 167 N.H. at 631-32. However, we review a trial court's application of law to facts de novo. Id. at 632.

Mother first argues that the trial court erred when it awarded grandparent visitation without applying the four-factor test set forth in Chief Justice Broderick's opinion in In the Matter of R.A. & J.M. In R.A., we addressed the constitutionality of RSA 458:17, VI (2004) (repealed 2005), the predecessor statute to RSA 461-A:6, V, which permitted awards of custody to grandparents. See R.A., 153 N.H. at 93-94 (plurality opinion). Specifically, we considered whether that statute was constitutional in light of the United States Supreme Court's recognition in Troxel v. Granville, 530 U.S. 57 (2000), that parents have a "fundamental right . . . to make decisions concerning the care, custody, and control of their children." Id. at 90, 93-94 (quotation omitted) (plurality opinion). All five justices agreed that the statute could not be constitutionally applied by using a simple "best-interests standard" to determine whether an award of custody to grandparents was appropriate; however, they reached no other consensus. See In the Matter of Bordalo & Carter, 164 N.H. 310, 315-16 (2012) (summarizing R.A. decision). Consequently, the court issued three separate opinions: Two justices found the statute to be unconstitutional, two justices concluded that the statute was constitutional as long as three factors were met, and Chief Justice Broderick concluded that the statute was constitutional provided that a four-factor test (Broderick test) could be satisfied. See R.A., 153 N.H. at 101 (Broderick, C.J.); id. at 110 (Nadeau & Galway, JJ., concurring in part and dissenting in part); id. at 111-12 (Dalianis & Duggan, JJ., dissenting); see also Bordalo, 164 N.H. at 315-16 (summarizing R.A. decision).

Mother argues that the trial court should have applied the four-factor Broderick test in this case because there is no meaningful distinction between the award of grandparent visitation that is at issue in this case, and the award of grandparent "custody" — now termed parental rights and responsibilities — at issue in R.A. See RSA 461-A:20 (2018) (providing that references to "custody" mean "the allocation of parental rights and responsibilities"). We disagree.

The Broderick test is not binding precedent. Because the court was divided in R.A., no one standard — including the Broderick test — received sufficient support to afford it precedential weight. In the Matter of Morris & Morris, 174 N.H. 562, 567-68 (2021). And we have not since held that the Broderick test is the controlling standard. See id. We therefore conclude that the trial court did not err by not applying the Broderick test.

2

Mother appears to also assert that, if the Broderick test does not apply to petitions for grandparent visitation, then RSA 461-A:6, V and :13, relating to grandparent awards of parental rights and responsibilities and visitation respectively, are unconstitutional. However, because Mother did not raise this constitutional argument in the trial court, or adequately develop it on appeal, we decline to address it. See State v. Blackmer, 149 N.H. 47, 48-49 (2003).

Mother also argues that the trial court's grandparent visitation award was erroneous because the court failed to make express findings of fact as to each of the factors listed in RSA 461-A:13, II. That statute provides, in relevant part:

> (II)   The court shall consider the following criteria in making an order relative to a grandparent's visitation rights to the minor child:
>     (a) Whether such visitation would be in the best interest of the child.
>     (b) Whether such visitation would interfere with any parent-child relationship or with a parent's authority over the child.
>     (c) The nature of the relationship between the grandparent and the minor child, including but not limited to, the frequency of contact, and whether the child has lived with the grandparent and length of time of such residence, and when there is no reasonable cause to believe that the child's physical and emotional health would be endangered by such visitation or lack of it.
>     (d) The nature of the relationship between the grandparent and the parent of the minor child, including friction between the grandparent and the parent, and the effect such friction would have on the child.
>     (e) The circumstances which resulted in the absence of a nuclear family, whether divorce, death, relinquishment or termination of parental rights, or other cause.
>     (f) The recommendation regarding visitation made by any guardian ad litem appointed for the child pursuant to RSA 461-A:16.
>     (g) Any preference or wishes expressed by the child.
>     (h) Any such other factors as the court may find appropriate or relevant to the petition for visitation.

RSA 461-A:13, II. We have held that the trial court must weigh the first two statutory factors more heavily than the remaining factors, according due deference to a fit parent's judgment as to the best interests of the child as part of the court's determination of the child's best interests. In the Matter of Rupa & Rupa, 161 N.H. 311, 318 (2010). Further, to facilitate appellate review, we have instructed trial courts to "make express findings of fact with respect to all of the enumerated factors" that the court considers. Id.

Here, although the court made factual findings relating to some of the enumerated factors, it made no factual findings related to factor (b) — whether the visitation would interfere with any parent-child relationship or with a parent's authority over the child.  See RSA 461-A:13, II(b).  Although the trial court properly acknowledged that it must weigh factors (a) and (b) "more heavily than the remaining listed factors," it failed to expressly make the factual findings necessary to do so.  Because the trial court failed to make sufficient factual findings, we cannot conclude that it considered all the factors listed in the statute, see RSA 461-A:13, II, and weighed the first two factors more heavily, see Rupa, 161 N.H. at 318.  Accordingly, we vacate the trial court's award of grandparent visitation.

We note that, although we construe the trial court's order as awarding grandparent visitation independent of Father's visitation rights, it is not completely clear whether that is what the trial court intended.  See State v. Surrell, 171 N.H. 82, 88 (2018) ("The interpretation of a trial court order presents a question of law for us to decide.").  The court granted the grandparents visitation rights on the second and fourth Saturdays of each month from 9 a.m. to 5 p.m. "until [Father's] parenting time becomes completely unsupervised."  The court explained that the grandparents may "[a]t their discretion" include Father in this visitation.  However, elsewhere in the order, the court stated that "Father shall have supervised parenting time" during these exact same times each month to be supervised by the grandparents or another supervisor approved by Mother.  (Emphasis added.)  The grandparents' current visitation rights are thus, at best, concurrent with Father's, or, at worst, in conflict with Father's.  On the other hand, the court also stated that, if Father complies with the parenting plan and achieves fully unsupervised visitation with the children, the grandparents will still continue to have visitation with the children on the second Saturday of the month.  This language and the discretionary language quoted above seem to indicate that the grandparents' visitation rights are independent from Father's.  To the extent necessary, on remand, the court may wish to clarify any grandparent visitation award.

Mother next argues that the trial court erred when it neglected to timely act on her motion for contempt for non-payment of child support, and when it failed to calculate Father's child support arrearage.  She also asserts that the court unsustainably exercised its discretion when it implemented a parenting plan that gave Father the opportunity to have unsupervised visits with the children.  As the appealing party, Mother has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's order, Mother's challenges to it, the relevant law, and the record submitted on appeal, we conclude that Mother has not demonstrated reversible error as to any of these issues.  See id.

In sum, we affirm the trial court's rulings on the motion for contempt, child support arrearage, and Father's visitation schedule. We vacate the court's award of grandparent visitation and remand for the trial court to make express findings of fact with respect to all of the enumerated factors in RSA 461-A:13, II, and for any other proceedings consistent with this order. Any issues raised in the notice of appeal that were not briefed are deemed waived. See In the Matter of Sanborn & Bart, 174 N.H. 343, 346 (2021).

Affirmed in part; vacated in part; and remanded.

MACDONALD, C.J., and HICKS, BASSETT, and DONOVAN, JJ., concurred; HANTZ MARCONI, J., concurred specially.

HANTZ MARCONI, J., concurring specially. I agree with my colleagues that the Broderick test is not binding precedent. I write separately to reinforce the notion that the statutory framework for awarding visitation rights to grandparents must be narrowly construed "to comport with state and federal constitutional requirements." In the Matter of Rupa & Rupa, 161 N.H. 311, 317 (2010). To that end, while I agree that the grandparents in this case may exercise visitation coincident with, and dependent on, Father's parenting time, I would be uncomfortable with an order granting the grandparents independent visitation rights over Mother's objection, particularly once Father has achieved unsupervised parenting time.

Parents are obligated to act in good faith and fairly adjust parenting schedules when family situations, illnesses, or other commitments make modification reasonable. An unyielding third-party visitation schedule when two fit parents are sharing parenting time introduces an arguably unconstitutional interference with the parents' rights. See id. (discussing Troxel v. Granville, 530 U.S. 57 (2000)). The grandparents' visitation statute contemplates its invocation when there is an absence of a nuclear family. See RSA 461-A:13, I (2018); In re Athena D., 162 N.H. 232, 235 (2011). Though the parties in this case were never married, given that both are present in their children's lives, it begs the question as to whether, in this day and age, the "nuclear family" is absent. But see O'Brien v. O'Brien, 141 N.H. 435, 437 (1996) (status as an unwed parent might qualify as a circumstance resulting in the absence of a nuclear family). For these reasons, I believe any award of grandparent visitation in this case must be subject to the discretion of the parents, and at this juncture, Mother.

**Timothy A. Gudas,
Clerk**