NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Strafford
No. 2017-0143

THE STATE OF NEW HAMPSHIRE

v.

BAILEY P. SERPA

Argued: January 18, 2018
Opinion Issued: May 24, 2018

Gordon J. MacDonald, attorney general (Sean R. Locke, assistant attorney general, on the memorandum of law and orally), for the State.

Samdperil & Welsh, PLLC, of Exeter (Richard E. Samdperil on the brief and orally), for the defendant.

LYNN, C.J. The defendant, Bailey P. Serpa, appeals an order of the Superior Court (Howard, J.), requiring him to register as a sexual offender. On appeal, the defendant argues that registration as a sexual offender for a conviction of violating RSA 649-B:4 is contrary to the manifest objectives of RSA 632-A:4 and violates constitutional requirements that all penalties be proportional to the offense. We affirm.

The pertinent facts follow. In March 2015, the defendant was indicted on a charge of using a computer online service or internet service to seduce,

solicit, lure, or entice a child to engage in sexual assault, contrary to RSA 649-B:4 (2016).  At the time of the underlying conduct, the victim was 15 years old, and the defendant was 18 years old.

The defendant entered into a written felony diversion agreement (diversion agreement) with the State.  Pursuant to the diversion agreement, the State would dismiss the charge against the defendant if he abided by several conditions for a period of 18 months.  However, if the defendant violated the terms of the diversion agreement, he agreed to waive his right to a jury trial and plead guilty to violating RSA 649-B:4 in return for the State recommending that he receive a six-month house of correction sentence, suspended for two years under specified conditions.

Among other conditions, the diversion agreement required the defendant to "commit no new crimes and be of good behavior for the period of the diversion program."  (Quotation and brackets omitted.)  The diversion agreement further provided that "being of good behavior means that the defendant shall not be charged with any misdemeanor or felony crimes during the duration of this agreement."  (Quotation omitted.)

In June 2016, the defendant was charged with seven crimes stemming from at least two incidents in which he allegedly stole items from a Wal-Mart store.  The State learned of the charges and requested that the trial court schedule a plea and sentencing hearing.  Over the defendant's objection, the trial court scheduled a plea and sentencing hearing.  At the hearing, the defendant complied with the diversion agreement and pled guilty to the indictment.  The State recommended the sentence provided for by the diversion agreement, and the trial court imposed that sentence.  The trial court then notified the defendant that he was required to register as a sexual offender.  This appeal followed.

The defendant first argues that New Hampshire law does not require "an 18 year old who uses a computer as a medium to propose sex with a 15 year old" to "register as a sex offender."

Resolving this issue requires us to engage in statutory interpretation.  "The interpretation of a statute is a question of law, which we review de novo."  State v. Fiske, 170 N.H. 279, 288 (2017) (quotation omitted).  "In matters of statutory interpretation, we are the final arbiters of the intent of the legislature as expressed in the words of a statute considered as a whole."  Id. at 288-89 (quotation and brackets omitted).  "We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning."  Id. at 289 (quotation omitted).  "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include."

Id. (quotation omitted). "However, we will not interpret statutory language in a literal manner when such a reading would lead to an absurd result." Id. (quotation omitted).

The defendant acknowledges that RSA chapter 651-B (2016 & Supp. 2017) requires persons convicted of violating RSA 649-B:4, such as the defendant, to register for life as a sexual offender. However, the defendant argues that he should not have to register as a sexual offender for his conviction under RSA 649-B:4 because, had he sexually assaulted the victim, who was older than 13 and less than four years younger than him, the assault would have met the criteria of misdemeanor sexual assault under RSA 632-A:4, I(c) (2016), which RSA 632-A:4, II exempts from the registration requirement of RSA chapter 651-B. We find the defendant's argument unavailing.

RSA 649-B:4 provides, in relevant part, that "[n]o person shall knowingly utilize a computer on-line service, internet service, or local bulletin board service to seduce, solicit, lure, or entice a child or another person believed by the person to be a child, to commit" "[a]ny offense under RSA [chapter] 632-A, relative to sexual assault and related offenses." RSA 649-B:4, I. A person convicted of violating RSA 649-B:4 is required to register as a sexual offender for life. See RSA 651-B:6, I (Supp. 2017) (providing that "tier II or tier III offenders shall be registered for life"); RSA 651-B:1, IX (Supp. 2017) (classifying a person convicted of violating RSA 649-B:4 as a "Tier II offender" (quotation omitted)). Thus, the plain language of the statutes requires a person convicted of utilizing a computer online service to solicit sex from a child to register as a sexual offender for life.

The registration exception that the defendant points to is RSA 632-A:4, II, which provides that a person found guilty under RSA 632-A:4, I(c) "shall not be required to register as a sexual offender" under RSA chapter 651-B. See also RSA 632-A:4, I(c) (providing that sexual assault is a class A misdemeanor if the assault does not meet the criteria of aggravated felonious sexual assault and the age difference between the defendant and the victim is "4 years or less" and the victim is "13 years of age or older and under 16 years of age"). Based upon the plain language of RSA 632-A:4, II, the registration exception only applies to persons convicted of violating RSA 632-A:4, I(c); it does not apply to persons convicted of violating RSA 649-B:4. In sum, based upon the unambiguous language of the statutes, RSA chapter 651-B requires the defendant to register as a sexual offender, and the exception from registration contained in RSA 632-A:4, II does not apply to him because he was convicted of violating RSA 649-B:4, not RSA 632-A:4, I(c).

The defendant raises additional arguments regarding the legislative history of RSA 632-A:4 and RSA chapter 651-B. However, because the statutory language is plain and unambiguous, we will not examine the

legislative history of the statutes. See State v. Perry, 166 N.H. 716, 722 (2014) ("We do not consider legislative history to construe a statute that is clear on its face." (quotation omitted)).

The defendant next argues that the penalty for violating RSA 649-B:4, as applied to him, violates the Eighth Amendment to the Federal Constitution and Part I, Articles 18 and 33 of the State Constitution. According to the defendant, the registration requirement is "a grossly disproportional result under our constitutions, because it imposes a much greater sentence and penalty for an attempted offense than it does for the completed offense." We disagree.

"Where, as here, the defendant asserts that his constitutional rights have been violated as a result of the trial court's sentencing decision, we review that decision de novo." State v. Carpentino, 166 N.H. 9, 21 (2014). "The party challenging the constitutionality of a statute bears the burden of demonstrating that it is unconstitutional." Doe v. State of N.H., 167 N.H. 382, 388 (2015). "We must presume that the sentencing scheme is constitutional and we cannot declare it unconstitutional except upon inescapable grounds." State v. Bird, 161 N.H. 31, 40 (2010).

Part I, Article 18 of the State Constitution "provides at least as much protection against disproportionate punishment as does the Eighth Amendment to the Federal Constitution." State v. Enderson, 148 N.H. 252, 258 (2002). Accordingly, we first address the defendant's claim under the State Constitution and rely upon federal law only to aid our analysis. See id.; State v. Ball, 124 N.H. 226, 231-33 (1983).

Part I, Article 33 of the State Constitution prohibits "cruel or unusual punishments." N.H. CONST. pt. I, art. 33. Part I, Article 18 of the State Constitution provides that "[a]ll penalties ought to be proportioned to the nature of the offense." N.H. CONST. pt. I, art. 18. "For a sentence to violate Part I, Article 18 of the State Constitution, it must be grossly disproportionate to the crime." Bird, 161 N.H. at 40 (quotation omitted); see also Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) ("The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime.").

The crux of the defendant's constitutional challenge is that RSA 649-B:4 criminalizes attempted sexual assault, and a violation of RSA 649-B:4 requires registration as a sexual offender, whereas a violation of RSA 632-A:4, I(c), involving an actual assault, does not. Thus, the defendant argues that the statutory scheme "imposes a much greater sentence and penalty for an attempted offense than it does for the completed offense." We disagree.

4

RSA chapter 632-A and RSA 649-B:4 criminalize separate and distinct conduct. RSA chapter 632-A criminalizes sexual assault, whereas RSA 649-B:4 criminalizes the use of computer online services or internet services to seduce or solicit children to engage in certain sexual activities. In other words, RSA 649-B:4 does not criminalize attempted sexual assault; it criminalizes a certain use of computer online services or internet services. Cf. State v. Moscone, 161 N.H. 355, 360 (2011) (noting that the crime prohibited by RSA 649-B:4 is "complete when the defendant uses the internet in an effort to solicit a child . . . to engage in sexual activity" and contrasting RSA 649-B:4 with an "attempt statute," which is "paired with another criminal statute" and charged when the "defendant has failed to complete the underlying crime").

The legislature has the authority to determine what penalty is appropriate for a given crime, and we must presume that the penalty is constitutional. See Bird, 161 N.H. at 40. The defendant fails to persuade us that a registration requirement is grossly disproportionate to the crime of violating RSA 649-B:4. The legislature viewed individuals who use computer online services or internet services to seduce or solicit children to engage in certain sexual activities as particularly dangerous. See State v. Farrington, 161 N.H. 440, 449 (2011) (noting the legislative goal of RSA chapter 649-B was "protecting children from exploitation over the internet"). Such individuals can use the technology to mask their identities, gain direct access to children in their own homes, and lure children away from their guardians. Registration as a sexual offender helps monitor these persons. See RSA 651-B:4-a (Supp. 2017) (requiring individuals registered as sexual offenders to provide police with every "online identifier," such as screen names and e-mail addresses); see also Doe, 167 N.H. at 399, 401 (concluding that the legislature intended RSA chapter 651-B to be regulatory and noting that the legislature's purpose in enacting the law was to "protect children by having more eyes and ears in the community looking out for them" (quotation omitted)).[1]

Moreover, it is not unreasonable for the legislature to require registration for a violation of RSA 649-B:4 but not for a violation of RSA 632-A:4, I(c). The legislature could have concluded that violations of RSA 632-A:4, I(c) that result from sexual activity between young people often involve a spontaneous act arising from the passion of the moment, which is less deserving of a registration requirement. Conversely, the legislature could have viewed violations of RSA 649-B:4, which prohibits the use of certain technology to "seduce, solicit, lure, or entice" children, as more likely to involve a calculated

---

[1] The defendant relies to some extent on Miller v. Alabama, 567 U.S. 460, 471 (2012), in which the United States Supreme Court ruled that a sentencing scheme that mandated life in prison without the possibility of parole for juvenile offenders violated the Eighth Amendment. However, the defendant here was an adult — not a juvenile. Accordingly, Miller provides no support for the defendant's argument that requiring him to register for life as a sexual offender is grossly disproportionate to the crime of using a computer or internet service to solicit sex from a child.

act, thereby warranting a registration requirement.  See State v. Dean, 115 N.H. 520, 522 (1975) ("[T]he legislature has the power to enact laws defining crimes and to fix the degree, extent and method for punishment." (quotation omitted)).  It may be that, given the changes in how young people communicate today, the reasons for the distinction drawn by the two statutes may be diminishing.  But if changes are to be made for these reasons, the task is that of the legislature, not this court.

Accordingly, we conclude that RSA chapter 651-B requires the defendant to register as a sexual offender for his conviction under RSA 649-B:4, and the registration requirement does not violate Part I, Article 18 of the State Constitution because it is not grossly disproportionate to the crime for which the defendant was convicted.[2]  Because the Federal Constitution offers no greater protection than does the State Constitution under these circumstances, we reach the same result under the Federal Constitution as we do under the State Constitution.  See Enderson, 148 N.H. at 258; Ball, 124 N.H. at 231-33.

Affirmed.

HICKS, BASSETT and HANTZ MARCONI, JJ., concurred.

---

[2] The defendant also argues that his sentence violated Part I, Article 33 of the State Constitution. However, he only argues that his sentence violated Part I, Article 33 because it was grossly disproportionate to the crime of violating RSA 649-B:4.  Because his sentence was not grossly disproportionate to that crime, for the reasons discussed above, we also find no violation of Part I, Article 33.